## BIRNBAUM v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7296.

Circuit Court of Appeals, Seventh Circuit.

Feb. 6, 1941.

Harold L. Lipton, of Chicago, Ill., for petitioner.

Arthur A. Armstrong, Tax Division, Dept. of Justice, J. P. Wenchel, and Chas. E. Lowery, all of Washington, D.C., for respondent.

Before EVANS, SPARKS, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This cause comes to this Court on a petition for review of a decision of the United States Board of Tax Appeals. The case involves the determination of petitioner's liability for a deficiency in federal income taxes for the years 1935 and 1936. The taxpayer claimed as deductions from his gross income certain amounts as ordinary and necessary business expenses within the meaning of the applicable statutory provisions. The Board of Tax Appeals refused to allow the claimed deductions.

Taxpayer resides at Chicago, Illinois, and is engaged in the business of obtaining reductions of taxes on real and personal property. Practically all of taxpayer's business is referred to him by real estate men, lawyers and trustees. The Board of Tax Appeals found that "the claimed deductions are largely, if not all, payments alleged to have been made to such persons on account of cases referred by them," and the evidence of the taxpayer supports such finding.

At the hearing before the Board the taxpayer testified in support of his claim and was the only witness. Respondent, Commissioner of Internal Revenue, presented no evidence.

In its memorandum opinion the Board stated that taxpayer's unsupported testimony was without sufficient probative value to carry the burden of proof of showing that the payments claimed had been made. Furthermore, the Board stated that petitioner's testimony, even if believed, was insufficient to establish that such payments were made as ordinary and necessary business expenses.

The precise question for us to decide is whether the Board of Tax Appeals erred in refusing to accord controlling probative force to the taxpayer's unsupported testimony.

The taxpayer testified that he paid the sums designated in his petitions to the individuals therein listed. He testified that it was necessary for him to pay such fees to the individuals listed "in order to procure and handle the business." Taxpayer introduced in evidence the receipts of two different persons for specified sums received from the taxpayer "as and for fees due me in regard to various tax matters in which I rendered services." He testified that the signatures to the receipts

were subscribed by the persons who received the sums therein specified.

■ The burden was upon the taxpayer, in order to obtain the deduction claimed, to establish that the payments were actually made and that they were ordinary and necessary business expenses. On cross-examination the taxpayer testified that he had not been in touch with the individuals to whom he had paid fees for the reason (so he stated) that they might object to its being known that he had "paid them fees for sending business to me." He further testified as follows: "I did not wish to give the names and addresses of individuals who occupy certain positions and who referred business to me when filing my income tax return because if they learned I had they might not refer business to me in the future."

Apparently the foregoing was intended as an explanation for the taxpayer's failure to produce witnesses from among the people to whom he claimed payments had been made. Also, as pointed out in the brief of respondent, the two receipts introduced by taxpayer and received in evidence were not given in the normal course of business but were procured subsequently and merely state that the payments receipted for were for fees due in regard to various tax matters in which services were rendered.

It is apparent that whatever case taxpayer makes out in respect to the making of the payments must rest upon the entirely unsupported statements of the taxpayer, since the only evidence of the genuineness of the receipts above referred to was the unsupported testimony of the taxpayer, which was not at all convincing when considered with all the other evidence adduced. But the most serious obstacle, as indicated in the opinion of the Board, is the absence of any evidence of facts which would enable the Board to determine whether the expenses were in fact ordinary and necessary business expenses. Unless the Board had been willing to permit the taxpayer to determine that question, it was necessary that the Board find that the payments claimed were ordinary and necessary business expenses. As pointed out by the Board the taxpayer testified in effect that the payments made were for business expenses and were necessary for the conduct of his business; and the Board properly stated that the taxpayer was giving his own conclusion. The Board was entitled to have some evidence of the circumstances under which the payments were made and of the manner in which they operated as ordinary and necessary business expenses.

■ In O'Laughlin v. Helvering [1] the court indicated the minimum requirement to establish the right to a deduction. We quote the following from the opinion: "When a deduction is claimed, the government has an undoubted right to demand a full disclosure of the facts on which the claim is based, for otherwise it would be at the mercy of the unscrupulous taxpayer. Taxation is not only practical—it is vital. The obligation of good faith and fair dealing in carrying out its provisions is reciprocal and, as the government should never be overreaching or tyrannical, neither should a taxpayer be permitted to escape payment by the concealment of material facts."

■ In Quock Ting v. United States [2] the Supreme Court pointed out that even uncontradicted testimony need not be accepted by a court. The following statement is from the opinion of the court: "Undoubtedly, as a general rule, positive testimony as to a particular fact, uncontradicted by any one, should control the decision of the court; but that rule admits of many exceptions. There may be such an inherent improbability in the statements of a witness as to induce the court or jury to disregard his evidence, even in the absence of any direct conflicting testimony. He may be contradicted by the facts he states as completely as by direct adverse testimony; and there may be so many omissions in his account of particular transactions, or of his own conduct, as to discredit his whole story."

We are of the opinion that petitioner fails to show that the Board of Tax Appeals erred in refusing to hold that taxpayer's evidence was sufficient to establish that the sums for which deductions were claimed represented actual payments for ordinary and necessary business expenses. The record does not present evidence which required the Board, as a matter of law, to so decide.

The decision of the Board of Tax Appeals is affirmed.

---

[1] 65 App.D.C. 135, 81 F.2d 269, 270.

[2] 140 U.S. 417, 11 S.Ct. 733, 734, 851, 35 L.Ed. 501.