### James E. BLATCHFORD, Petitioner,
### v.
### COMMISSIONER OF INTERNAL REVENUE, Respondent.
### No. 14828.

United States Court of Appeals Third Circuit.

Argued Sept. 25, 1964.

Decided Oct. 6, 1964.

reported less than half of the taxpayer's rather substantial income from dividends and interest during the taxable year. One return reported less than 10% of his income from those sources. The record makes clear that the taxpayer personally received these payments and must have been aware that his aggregate income from these sources was far in excess of the amounts reported, although he may not have kept the precise amounts of such receipts in mind. The taxpayer's explanation was that, although he signed his returns as prepared by his bookkeeper, he never read them or noticed the amounts of income reported therein. The Tax Court disbelieved this testimony and on the record was entitled to do so and to conclude that the very substantial omissions were intentional and for the purpose of evading taxes.

The decision of the Tax Court will be affirmed.

Joseph W. Kiernan, Washington, D. C. (Smith, Ristig & Smith, Washington, D. C., on the brief), for petitioner.

Marco S. Sonnenschein, Dept. of Justice, Tax Division, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before HASTIE and FORMAN, Circuit Judges, and KIRKPATRICK, District Judge.

PER CURIAM.

This is a petition to review a decision of the Tax Court determining income tax deficiencies for the years 1943 through 1947 and holding that the taxpayer's returns for these years were fraudulent, so that the statute of limitation had not barred assessment and collection of the deficiencies.

With respect to the fact of substantial deficiencies and the sufficiency of the evidence to support the Tax Court's determination of the amounts thereof, we are satisfied that the record supports the decision. We also sustain the finding that the returns were fraudulent. Apart from other circumstances, each return