Richard D. Walker and Lucy Walker v. Commissioner.
Walker v. Commissioner
Docket No. 5789-69.
United States Tax Court
T.C. Memo 1972-209; 1972 Tax Ct. Memo LEXIS 49; 31 T.C.M. (CCH) 1037; T.C.M. (RIA) 72209; September 28, 1972
Gary Goldman, for the petitioners. H. Lloydnearing, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $14,640.82 in petitioners' Federal income tax for the year 1965. The only issue presented for decision is whether the amount of $58,535.37 deducted as expenses by a partnership, in which petitioner Richard D. Walker had a 50 percent interest, constituted ordinary and necessary business expenses of the partnership under section 162(a), Internal Revenue Code of 1954. Findings of Fact Some of the facts were stipulated by the parties and are found accordingly. The petitioners, Richard D. and Lucy Walker, filed their joint Federal income tax return *50 for the year 1965 with the district director of internal revenue at Los Angeles, California. At the time the petition herein was filed they were legal residents of Los Angeles, California. The petitioner Richard D. Walker was an equal partner with Jack O. Nutter in a partnership known as Pinal County Land Company, Realtors (hereinafter referred to as the partnership). Jack O. Nutter owned 98 percent of the stock of Blackstone Investment Company (hereinafter referred to as the corporation), an electing subchapter S corporation. The partnership was intended to operate as the exclusive sales agent for various land speculations engaged in by the partners and companies owned by them. In 1964 the corporation purchased 160 acres of land in Arizona which it subdivided into 343 lots for eventual sale to the public. Various agents and brokers were employed to sell the land during 1965. The partnership, formed in the late 1950's, was begun on the basis of oral agreements. At no time were the details of the agreements reduced to writing. With one exception, the partnership had shown a profit in every year of its existence. By virtue of its profitable years the partners' capital account showed *51 a balance of $201,183.31 as of December 31, 1964. The year before the Court, 1965, was the exception to the string of profitable years. For 1965 the partnership reported gross income of $153.19. The expenses incurred in earning this income were reported on the partnership return as $61,275.21. [1] The resulting loss ($61,122.02) was divided equally and reduced the partners' capital account to $140,061.29. The petitioners carried their aliquot share of the loss to their Federal income tax return for 1965. This loss ($30,561.01) was utilized to offset other personal income. The expenses incurred in the sale of the homesites were paid by the corporation during 1965. An audit of the corporation's Federal income tax return for 1965 verified the payment of the expenses by the corporation in that year. Accordingly, respondent allowed the deduction to the corporation. The partnership Federal return of income for 1965 listed as *52 a liability due in less than one year the sum of $58,535.57 - the sum disallowed by respondent. [2] This liability was listed as an account payable to Blackstone Investment Company (the corporation). No evidence was introduced to show whether the corporation listed this sum as an account receivable due from the partnership. Nor was any evidence introduced showing receipt of any reimbursement by the corporation from the partnership. Opinion We are confronted here with a narrow factual question: Who is entitled to deduct the expenses of selling the vacation homesites - the partnership or the corporation? The parties agree that the various expenses were "ordinary and necessary"; hence it is their payment, not their characterization, which is at issue. 1039 Petitioners contend that the expenses were properly attributable and charged to the partnership and, therefore, the deduction claimed for partnership losses in 1965 was correct. They cite Hal E. Roach, 20 B.T.A. 919 (1930), for the proposition that if a party reimburses another for ordinary and necessary *53 business expenses then the party making the reimbursement is entitled to the deductions. What the Roach case holds is that a taxpayer who makes expenditures for the benefit of another is not permitted a deduction therefor. "The deductions are personal to the taxpayer, and one taxpayer may not take deductions properly belonging to another." Hal E. Roach, supra at 925. Petitioners' reliance on James F. Curtis, 3 T.C. 648 (1944), is likewise misplaced. There a taxpayer was denied a deduction for expenses incurred in the production of income not then taxable. Taking a contrary view, the respondent argues that the expenses involved in the sale of the vacation homesites were paid by the corporation and, therefore, it was the corporation that was entitled to deduct them. In 1965 the corporation owned the land, incurred and paid the expenses and was allowed the deduction. Respondent further argues that mere bookkeeping entries by two entities with such close ties cannot serve to conclusively establish the beneficiary of the deduction. Relying on Gregory v. Helvering, 293 U.S. 465 (1935), respondent urges us to look beyond the mere bookkeeping entries *54 to the economic substance of the transaction. We agree with the respondent. His deficiency determination is presumptively correct, and the petitioners have the burden of proving it wrong. Welch v. Helvering, 290 U.S. 111 (1933). In our judgment they have failed to carry that burden. The presentation of repetitive statements asserting that the bookkeeping entries will show that expenses have been repaid to the corporation will not suffice. See Helvering v. Midland Mutual Insurance Company, 300 U.S. 216 (1937). Respondent was able, by means of canceled checks, to verify that the corporation paid the expenses. No documentary evidence of repayment by the partnership was offered by petitioners. The only evidence offered was the partnership return for 1965 which discloses the existence of an account payable in the amount at issue. Statements in a Federal income tax return are not sufficient in and of themselves to prove the truth of the assertions. See Blatchford v. Commissioner, 337 F. 2d 1010 (C.A. 3, 1964), affirming per curiam a Memorandum Opinion of this Court. The mere statements made by the petitioner Richard D. Walker and his witness have *55 little value without documentary proof. See Birnbaum v. Commissioner, 117 F. 2d 395, 396 (C.A. 7, 1941). There is simply no credible evidence in this record showing that the partnership reimbursed the corporation for these expenses. Satisfactory evidence of repayment, if any, was peculiarly within the possession and control of the petitioners; yet none was presented. The existence of the disputed sum as a 1965 year-end account payable by the partnership does not comport with the allegation of repayment during 1965. Nor does the mere debiting of the partners' capital account constitute repayment of the expenses. It is our view that the expenses were properly deucted by the corporation which earned and reported the income from the sale of the lots. Under these facts and circumstances there would be a distortion of partnership income if these expenses were allowed as a deduction to the partnership and it would result in the same deduction being allowed twice. Accordingly, we hold that the selling expenses were not the ordinary and necessary business expenses of the partnership. We sustain respondent's determination. Decision will be entered under Rule 50. Footnotes
1. The parties have stipulated that the corporation initially paid expenses of $58,535.37 in 1965. It is this sum that is in issue. The difference ($2,739.84) has been allowed as a partnership expense for 1965, resulting in a loss of $2,586.65 for 1965.↩
2. The notice of deficiency, due to an error in addition, showed the disallowed sum as $58,535.37.↩