CARLO F. and AUDREY D. STROCCHI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Strocchi v. Commissioner
Docket No. 8450-72.
United States Tax Court
T.C. Memo 1975-247; 1975 Tax Ct. Memo LEXIS 127; 34 T.C.M. (CCH) 1063; T.C.M. (RIA) 750247; July 23, 1975, Filed *127 Carlo F. Strocchi, pro se. Robert P. Edler, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies in income tax and additions thereto against petitioners as follows: Section 6653 [1] Year
Deficiency
Addition to Tax
1969
$1,410.92
$ 70.35
1970
3,376.97
168.85
Several concessions having been made by petitioners, the issues remaining for our determination are: 1. Whether respondent erred in failing to include the proceeds of alleged savings bond redemptions as an additional source of cash for expenditures in the reconstruction of petitioners' income, and 2. Whether respondent erred in asserting the negligence penalty against petitioners for the taxable years in question. FINDINGS OF FACT Some of the facts have been stipulated and are so found along with the exhibits attached thereto. Petitioners, Carlo F. and Audrey D. Strocchi, are husband and wife who resided in Jacksonville, Fla., at the time of the filing of their petition with this Court. *128 For the taxable years 1969 and 1970 joint Federal income tax returns were timely filed with the director, Southeast Internal Revenue Service Center, Chamblee, Ga.
Carlo F. Strocchi (hereinafter petitioner) is a selfemployed marine surveyor and claims adjustor. He also has a law degree and practiced law for one year. Petitioner renders services to marine insurance underwriters and private individuals. The latter often pay cash for petitioner's services. During 1969 and 1970 petitioner owned his own house, maintained two country club memberships and owned three automobiles. During that time he also financed the college education of his son and daughter and gave them a total of $3,000 in cash wedding presents. For the taxable years 1969 and 1970 petitioners reported adjusted gross income in the amounts of $7,678.66 and $7,424.25, respectively, and claimed total itemized deductions of $3,258.44 and $3,201.68, respectively. Respondent determined that petitioner's records did not accurately reflect petitioner's actual taxable income for those years, and accordingly a reconstruction of petitioner's income was undertaken. The reconstruction was performed according to the cash expenditures *129 and cash available method, which compares a taxpayer's total cash expenses for a year with the total amount of cash the taxpayer claims was available for such expenditures. The excess of cash expenditures over cash reported available will be treated by respondent as additional unreported taxable income unless the taxpayer can establish a nontaxable source of such additional cash. The results of respondent's reconstruction of petitioner's income follow: 1969
1970
Total cash expended
$18,791.33
$25,680.68
Total cash available
12,955.82
12,632.05
Additional unreported income
$ 5,835.51
$13,048.63
In addition to finding that petitioner had failed to report a significant amount of income, respondent also found that several adjustments were required in petitioner's returns for 1969 and 1970. Petitioner concedes the accuracy of these adjustments, of which the more important are: 1. A determination that petitioner received interest income of $436.82 in 1969 and $589.20 in 1970 in lieu of $108.96 and $362.25, respectively, as reported by petitioner; 2. The disallowance of a $200 dividend exclusion improperly claimed by petitioner in both 1969 and 1970, *130 respondent finding such amounts to be fully taxable interest earned on several of petitioner's savings accounts, and not dividends as claimed by petitioner; 3. A determination that medical deductions for 1969 and 1970 were allowable only in the amounts of $1,632.67 and $668.61 rather than in the amounts of $1,844.46 and $1,285.84 as claimed in petitioner's returns; 4. The disallowance of claimed casualty and theft losses reported to be $200 in each year, because of a lack of substantiation; and 5. The disallowance of a miscellaneous deduction for costs of obtaining a court judgment reported on the 1970 return in the amount of $500, because petitioner had also claimed that same amount as a business expense on the same return. On September 3, 1971, petitioner wrote the following to the Internal Revenue Service auditor in charge of reconstructing petitioner's income: After leaving your office on August 19, 1971, it occurred to us that during the years 1968, 1969 and 1970, we cashed about $10,000 in U.S. Government bonds, which Mrs. Strocchi and I purchased from 1946 to about 1959. * * * To the best of my recollection, we cashed about $2500 in * * * 1968, $2500 in * * * 1969 *131 and about $5,000 * * * during 1970. Petitioner requested that this information be used in the reconstruction of his income, as an additional source of cash available for expenditures. Pursuant to the auditor's request for more definite information regarding the alleged purchase and redemption of these savings bonds, petitioner replied by letter dated September 17, 1971: We do not have any records of the dates we cashed the respective bonds nor the amount of cash we received, other than an estimated amount of cash received as indicated in our letter to you of September 3, 1971. These bonds were cashed at various banks in Massachusetts, Georgia, Florida, Alabama and Mississippi. Petitioner made written inquiries of several banks, seeking their help in substantiating his claim as outlined above but was unable to secure the documentation he sought. Accordingly, respondent's audit was completed without taking into account as an additional source of cash available for expenditures any funds petitioner claimed to have received in 1969 and 1970 from the redemption of savings bonds. In addition to increasing petitioner's reported taxable income to reflect the results of the income *132 reconstruction, respondent in his notice of deficiency asserted a five percent addition to the tax for both 1969 and 1970, pursuant to section 6653(a) alleging negligence or intentional disregard of rules and regulations. OPINION I. Savings Bond Redemptions Petitioner does not contest the fact that his 1969 and 1970 income tax returns do not accurately report his taxable income for those two years. Nor does he raise any issue as to the authority of respondent to reconstruct petitioner's income for those years using the excess cash expenditures over cash available method. Petitioner does maintain that he had approximately $10,000 in cash available during 1969 and 1970 that respondent failed to include in the income reconstruction formula. This sum would, in part, account for what respondent has otherwise determined to be unreported income. The source of this cash is allegedly nontaxable return of investment from series E U.S. savings bonds redeemed by petitioner during 1969 and 1970. [2] Respondent maintains that such redemptions never in fact occurred. He asserts that the source of the cash petitioner had available for expenditures was in reality payments petitioner received in *133 cash from individuals for whom he performed claims adjusting services and which he failed to report as business income. The issue presented for our determination is, therefore, a factual one of narrow compass--did petitioner in fact redeem series E U.S. savings bonds in 1969 and 1970? The Commissioner's determination of a deficiency in a taxpayer's income tax is presumptively correct. The burden of proof is clearly on the taxpayer to show that the Commissioner has erred in making that determination. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure.Based on a careful review of the record before us, it is our judgment that petitioners have not overcome that burden. Petitioner introduced no independent evidence of the fact that he redeemed any series E U.S. savings bonds, in 1969 or 1970, as he argued in brief and at trial. The evidence petitioner did offer reflects the fact that he maintained no records of either *134 the purchase or redemption of savings bonds. In petitioner's testimony he approximated the amount received as proceeds of bond redemptions at $1,000 in 1968, $2,500 in 1969, and $6,000 to $7,000 in 1970. In his petition, however, he claims that he redeemed bonds in the amount of $3,000 in 1969 and $7,000 in 1970 and none in 1968. In his September 3, 1971, letter to the Internal Revenue Service auditor he claimed he redeemed $2,500 in bonds in 1969 and $5,000 in bonds in 1970 and $2,500 in 1968. This is the only evidence we have that petitioner ever redeemed any savings bonds in the years in question. We can give little credence to such vague, indefinite and self-serving statements. See Murray Humphreys,42 B.T.A. 857 (1940), affd. 125 F. 2d 340 (7th Cir. 1942). This is especially so where such statements are not accompanied by any documentation or other corroboration. See Birnbaum v. Commissioner,117 F. 2d 395 (7th Cir. 1941); Robertson Factories, Inc.,31 T.C. 1106 (1959). Respondent meets petitioner's weak evidence with considerably more persuasive evidence of his own. Respondent introduced a duly certified report *135 by the director of the Bureau of the Public Debt, the agency charged with the responsibility of keeping the records of all purchases and redemptions of savings bonds. The director certified that at the request of respondent he ordered a diligent search of his records and that no record was found to exist of the alleged redemption of series E U.S. savings bonds by petitioner in 1969 or 1970. Respondent also offered expert estimony at trial as to the accuracy of the records of the Bureau of the Public Debt. This evidence we find highly credible as compared with the uncorroborated assertions of ownership and redemption offered by petitioner. We, therefore, find that petitioner has failed in his burden of proof, and hold that respondent's determination of a deficiency was correct. II. Section 6653(a) Addition to Tax Petitioner next submits that respondent erred in assessing a five percent penalty tax against petitioners for failing to pay taxes due to negligent or intentional disregard of rules and regulations, pursuant to section 6653(a).[3] However, petitioner offered no evidence in support of his contention. We have held that the taxpayer has the burden of coming forward with proof *136 that his underpayment of tax was not due to negligence. Joseph Marcello, Jr.,43 T.C. 168 (1964), affd. 380 F. 2d 499 (5th Cir. 1967). Petitioner's failure to keep adequate records, his unexplained underreporting of a significant amount of income and the nature and extent of the adjustments respondent was required to make in petitioner's returns for 1969 and 1970 are facts sufficient to support a finding of negligence under the circumstances of this case. We, therefore, hold that the addition to tax under section 6653(a) was proper. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner admits that he has never reported as income in 1969 or 1970 or any other tax year any of the taxable accrued interest that would have been realized by petitioner when the bonds were redeemed.↩
3. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩