### KENNEY v. COMMISSIONER OF INTERNAL REVENUE (two cases).
### Nos. 9154, 9155.

Circuit Court of Appeals, Fifth Circuit.
April 9, 1940.

Rehearing Denied June 11, 1940.

Wm. H. Talbot and John J. Finnorn, both of New Orleans, La., for petitioner in each case.

Helen R. Carloss and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief

Counsel, Bureau of Internal Revenue, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent in each case.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

These two cases are brought to this court by petitions for review of decisions of the United States Board of Tax Appeals. The petition of Courtney A. Kenney involves deficiencies in income taxes for the years 1928, 1929, 1930, and 1931, together with a fifty per cent fraud penalty for each of said years.

The petition of Mrs. Kenney involves a deficiency for the year 1931. Except for the fact that no fraud penalty was imposed, her case presents the same issues for the year 1931 as her husband's. In pursuance of a stipulation, this court has entered an order consolidating the two cases and directing that the record in Mrs. Kenney's case be not printed. Separate judgments will be entered, but one opinion will dispose of both cases. Mr. Kenney, who will be referred to as the petitioner, and his wife are residents of Louisiana; they filed joint returns for 1928, 1929, and 1930, but each filed a separate return on the community property basis for the year 1931.

During the period under review, the petitioner carried on a gambling business at Arabi, Louisiana. He had been a professional gambler for many years, and all of the income involved here was acquired by him in his gambling operations. He kept no books or records from which his taxable income could be ascertained. The controversy is solely over his gross income; no claimed deductions are in dispute. The commissioner and the board determined his gross income by ascertaining the annual increase in his net worth for each year and adding thereto personal expenditures not reflected in that increase. The courts have approved that method of ascertaining income. Gleckman v. United States, 8 Cir., 80 F.2d 394, certiorari denied, 297 U.S. 709, 56 S.Ct. 501, 80 L.Ed. 996; United States v. Wexler, 2 Cir., 79 F.2d 526, certiorari denied, 297 U.S. 703, 56 S.Ct. 384, 80 L.Ed. 991.

Since the petitioner kept no books or records from which his correct income for any of the years involved could be ascertained, the commissioner had the right to look elsewhere for evidence. His determination is prima facie correct, and the burden of proving that the correct income was in an amount less than that on which the deficiency had been computed was upon the taxpayer. Bishoff v. Commissioner, 3 Cir., 27 F.2d 91. It was sought to meet this burden by the testimony of the petitioner himself, but the Board of Tax Appeals rejected his testimony as untrue, as they were warranted in doing upon the facts in the record.

The board's determination that petitioner filed false and fraudulent returns is supported by substantial evidence, and binding upon us notwithstanding the rule that the burden of proof in fraud cases is upon the commissioner. Helvering v. Kehoe, 60 S.Ct. 549, 84 L.Ed. 498; Helvering v. National Grocery Company, 304 U.S. 282, 58 S.Ct. 932, 82 L.Ed. 1346; Goldberg v. Commissioner, 7 Cir., 100 F.2d 601, certiorari denied, 307 U.S. 622, 59 S.Ct. 793, 83 L.Ed. 1501; National City Bank of New York v. Helvering, 2 Cir., 98 F.2d 93; Hanby v. Commissioner, 4 Cir., 67 F.2d 125.

The Board of Tax Appeals found that a part of the deficiency for each year was due to fraud with intent to evade the tax. Section 293(b) of the Revenue Act of 1928, 26 U.S.C.A.Int.Rev.Code, § 293(b), provides that if any part of any deficiency is due to fraud with the intent to evade the tax, then fifty per centum of the total amount of the deficiency shall be assessed in addition to the deficiency itself. In Helvering v. Kehoe, supra, the Supreme Court recently held that this finding was not reviewable by the Circuit Court of Appeals except for the purpose of ascertaining whether it was supported by substantial evidence. The petitioner offered no sufficient explanation as to his failure to report his full income. Such explanations as he attempted to make before the board were rejected as mere evasions. In view of the fact that petitioner had previously plead guilty to an indictment charging him with willfully and knowingly attempting to evade income taxes in each of the years 1929, 1930, and 1931, we cannot say that the board acted arbitrarily in its finding.

The imposition of civil fraud penalties is not prohibited by the Fifth Amendment to the Constitution by reason of the petitioner's having previously plead guilty to such indictment, because the penalty im-

posed by Section 293(b) is a civil and not a criminal penalty. Therefore, there is no double jeopardy. Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917.

The decisions of the Board of Tax Appeals are affirmed.