ROBERT MASON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mason v. Commissioner
Docket No. 10994-82.
United States Tax Court
T.C. Memo 1984-1; 1984 Tax Ct. Memo LEXIS 667; 47 T.C.M. (CCH) 805; T.C.M. (RIA) 84001; January 3, 1984. Charles Williams, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456(d) of the Code [1] and Rule 180. [2] The Court agrees with and adopts *668 her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter is before us on respondent's motion for judgment on the pleadings. Respondent determined deficiencies in petitioner's Federal income taxes for 1973 through 1976 as follows: Additions to Tax
Year
Tax Deficiency § 6653(b)
1973
$2,964
$1,482
1974
4,268
2,134
1975
3,626
1,813
1976
3,475
1,737
In his answer to the petition, respondent made affirmative allegations as follows: 6. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayment of tax required to be shown on the petitioner's income tax return for the taxable years 1973, 1974, 1975 and 1976 is due to fraud, *669 the respondent alleges: (a). During the years 1973 through 1976, petitioner owned and operated a money lending business. (b). During taxable years 1973, 1974, 1975 and 1976, petitioner earned interest income of $14,521.00, $17,874.00, $13,371.00 and $10,727.00, respectively, from the operation of his money lending business, which was not recorded on his books and records, and/or reported on his income tax returns. (c). During the taxable years 1975 and 1976, petitioner received taxable income of $571.00 and $1,209.00, respectively, from fees earned from cashing checks and from the purchase of certain real property on land contract. (d). The petitioner understated his gross income on his income tax returns for the taxable years 1973, 1974, 1975 and 1976 in the amounts of 14,521.00, $17,874.00, $13,942.00 and $11,936.00, respectively. (e). The petitioner understated the tax liability on his income tax returns for the taxable years 1973, 1974, 1975 and 1976 in the amounts of $2,967.00, $4,268.00, $3,626.00 and $3,491.00, respectively. (f). The petitioner's failure to record interest income, land contract payments and check cashing fees on his books and records for *670 the taxable years at issue was fraudulent with intent to evade taxes. (g). The petitioner fraudulently and with intent to evade taxes omitted from his income tax returns for the taxable years 1973, 1974, 1975 and 1976 taxable income in the amounts of $11,771.00, $15,124.00, $13,942.00 and $11,275.00, [respectively]. (h). A part of the understatement of tax required to be shown on the petitioner's income tax returns for the years at issue is due to fraud. 7. FURTHER ANSWERING the petition, and as additional support for the determination that a part of the underpayment of tax required to be shown on the petitioner's income tax returns for the taxable years 1974, 1975 and 1976 is due to fraud, the respondent also affirmatively relies upon the doctrine of collateral estoppel (estoppel by judgment), and alleges: (a). Robert Mason, the petitioner herein, is the same person who was the defendant in the criminal case of United States of America v. Robert Mason, (Eastern District of Michigan, Southern Division, Docket No. 81-80217). (b). The respondent herein is a party in privity with the United States of America, the prosecuting party in the aforesaid criminal case *671 in which the petitioner herein was the defendant. (c). The indictment filed on April 14, 1981, in said criminal case, charged Robert Mason with taxable years 1974, 1975 and 1976, and two counts in violation of section 7206(1) for the taxable years 1974 and 1975, a certified copy of which indictment is attached hereto as Exhibit A. (d). The petitioner on May 11, 1981, entered a plea of not guilty to the charges set forth against him in said indictment. (e). On August 28, 1981, after a trial on the merits before a jury, the jury in said case rendered its verdict finding the petitioner guilty of violating the provisions of sections 7201 and 7206(1), as charged in said indictment. (f). On October 9, 1981, the United States District Court entered its judgment pursuant to said verdict, a certified copy of which is attached hereto as Exhibit B. (g). Among the issues of fact presented, litigated and determined in the aforesaid criminal case was whether Robert Mason, the defendant therein, and the petitioner herein, did in fact willfully file false and fraudulent income tax returns for the taxable years 1974, 1975 and 1976 with intent to evade and defeat income taxes, and *672 whether he did in fact by such means understate a part of the income tax due and owing by him to the United States of America for said years; and whether Robert Mason did in fact willfully and knowingly make and subscribe income tax returns for the taxable years 1974 and 1975 which were verified by written declarations that, they were made under the penalties of perjury, and which he did not believe to be true and correct as to every material matter. (h). Findings of fact that the petitioner did willfully file false and fraudulent income tax returns for the taxable years 1974, 1975 and 1976 with intent to evade and defeat taxes, and that there was due to such fraud an underpayment of the correct income taxes due and owing by the petitioner for said years, and findings of fact that the petitioner did willfully and knowingly make and subscribe income tax returns for the taxable years 1974 and 1975 which were verified by written declarations that they were made under the penalties of perjury, and which he did not believe to be true and correct as to every material matter were essential to support the jury verdict rendered and the judgment of conviction entered in said case. (i). *673 One of the issues in the instant case is whether the addition to tax imposed by section 6653(b) should be imposed against the petitioner for the taxable years 1974, 1975 and 1976. (j). Said issue in the instant case is the same as the issues which were presented and determined adversely to the petitioner in the aforesaid criminal case to the extent that both the imposition of the addition to tax against the petitioner for the taxable years 1974, 1975 and 1976, under section 6653(b), as said judgment of conviction of the petitioner for violation of sections 7201 and 7206(1), are each dependent upon findings that petitioner for said years did in fact file false and fraudulent imcome tax returns and that by reason of such fraud there are for said years underpayments of income taxes, and the petitioner for taxable years 1974 and 1975 did in fact willfully and knowingly make and subscribe income tax returns, which said income tax returns he did not believe to be true and correct as to every material matter. (k). The prior criminal conviction of the petitioner under sections 7201 and 7206(1) for the taxable years 1974 through 1976, and 1974 and 1975, respectively, is conclusive and *674 binding on the petitioner and, by reason thereof, the petitioner is estopped in the instant case, under the doctrine of collateral estoppel (estoppel by judgment), from denying herein that he did willfully file false and fraudulent income tax returns for the taxable years 1974, 1975 and 1976 with intent to evade and defeat a part of the income taxes due and owing by him for the years noted above, and that due to such fraud there are for the years noted above underpayments of tax within the meaning of section 6653(b); and, likewise, the petitioner is estopped in the instant case, under the doctrine of collateral estoppel (estoppel by judgment), from denying herein that he did willfully and knowingly make and subscribe false income tax returns for the taxable years 1974 and 1975, and that he knew and believed that the items of income that formed the basis of the criminal conviction, and which, in turn is the basis for the allegations of fraud set forth in paragraphs 6(a) through (h) of respondent's answer, were reportable as earned income in 1974 and 1975. (l). By reason of such prior criminal conviction, the petitioner is estopped in the instant case, under the doctrine of collateral *675 estoppel (estoppel by judgment), from denying that part of the underpayment of income taxes for the taxable years 1974, 1975 and 1976 is due to fraud and from denying that he did willfully and knowingly make and subscribe false and fraudulent income tax returns for the taxable years 1974 and 1975, and that, therefore, the petitioner is liable for the additions to taxes imposed by section 6653(b), as determined by the respondent in the statutory notice, upon which notice the instant case is predicated. Petitioner failed to reply to the affirmative allegations in the answer and respondent thereupon moved for entry of an order that they be deemed admitted pursuant to our Rule 37(c). Despite the fact that petitioner was advised by the Court that respondent's motion would be denied if a proper reply were filed, petitioner contented himself with stating only: I have given answer to all of the questions concerning my case. I have stated and continue to state that I deny all of the claims and allegations made by the Government in its motion. I feel that this case should have never come to court as I am currently serving a sentence imposed in conjunction with this tax case. Thereafter, *676 the Court ordered that the undenied affirmative allegations of fact contained in paragraphs 6(a) through (h) and 7(a) through (1) as set forth above are deemed admitted for purposes of this case. We now consider respondent's motion for judgment on the pleadings, hearing for which was held on April 20, 1983.Petitioner did not appear nor did he file a written statement in lieu of appearance as allowed by our Rule 50(c). [3]
To the limited extent that petitioner has seen fit to advise the Court of his views in this matter, it appears to the Court that petitioner's sole contention is that he was convicted of criminal income tax evasion, imprisoned and that he has therefore paid his debt to the Government.He labors, however, under a misimpression. Conviction *677 in a criminal tax matter does not relieve one of the obligation to pay any taxes due. As against an argument that an acquittal in a criminal tax fraud matter precluded the imposition of civil fraud additions as a violation of double jeopardy rights, the Supreme Court stated in Helvering v. Mitchell,303 U.S. 391, 399 (1938): Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense. The question for decision is thus whether § 293(b) imposes a criminal sanction. That question is one of statutory construction. Compare Murphy v. United States,272 U.S. 630, 632. The Court concluded at page 404: The fact that the Revenue Act of 1928 contains two separate and distinct provisions imposing sanctions, and, that these appear in different parts of the statute, helps to make clear the character of that here invoked. The sanction of fine and imprisonment prescribed by § 146(b) for wilfull attempts "in any manner to evade or defeat any [income] tax," introduced into the Act *678 under the heading "Penalties," is obviously a criminal one. The sanction of 50 per centum addition "if any part of any deficiency is due to fraud with intent to evade tax," prescribed by § 293(b), introduced into the Act under the heading "Additions to the Tax," was clearly intended as a civil one. [Fn. ref. omitted.] Petitioner's conviction and imprisonment was punishment for the commission of a crime. The imprisonment, however, did not serve to make the United States whole in the collection of its revenue. The civil fraud sanctions are remedial in nature, designed to make the Government whole for the costs it incurs in safeguarding the revenue and to reimburse it for its losses resulting from the taxpayer's fraud. Helvering v. Mitchell,supra, at 401; Kenney v. Commissioner,111 F.2d 374 (5th Cir. 1940); Hanby v. Commissioner,67 F.2d 125 (4th Cir. 1933). Thus, we find that it does not violate the double jeopardy proscriptions of the Fifth Amendment to the Constitution to subject petitioner not only to imprisonment, but also to payment of taxes due and fraud additions. The Fraud Addition
The affirmative allegations *679 deemed admitted pursuant to our Rule 37(c) provide sufficient indicia of fraud for each of the years 1973 through 1976. [4]
The facts, as deemed admitted, show that petitioner owned and operated a money lending business from which he earned interest income of $14,521, $17,874, $13,371 and $10,727 during his taxable years 1973, 1974, 1975 and 1976, respectively. He did not record this income on his books and records and he failed to report it on his income tax returns. He also received sums from cashing checks and from the purchase of real property during 1975 and 1976 in the amounts of $571 and $1,209, which sums he also failed to report on his tax return. The income tax underpayments arising as a result of this nonreported income are $2,967, $4,268, $3,626 and $3,491 for the taxable years 1973, 1974, 1975 and 1976, respectively. Unlike the presumption of correctness which *680 generally attaches to determinations made in the notice of deficiency, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), the burden of proving applicability of the addition to tax for fraud is on respondent. Sec. 7454(a); Rule 142(b). In order to sustain this burden, respondent must affirmatively show, through clear and convincing evidence, that petitioner underpaid his taxes and that such underpayment resulted from an intentional wrongdoing designed to evade taxes believed to be owing. Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); Stone v. Commissioner,56 T.C. 213, 220 (1971); Beaver v. Commissioner,55 T.C. 85, 92 (1970). Respondent has shown an underpayment of taxes for each year. He need not show the precise amount of the underpayment which resulted from fraud, Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972), affg. a Memorandum Opinion of this Court, although he must at least show by affirmative evidence that some fraudulent underpayment of tax in fact existed in order for respondent to prevail. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). *681 If respondent establishes that petitioner fraudulently underpaid his taxes in any amount, the section 6653(b) addition to tax attaches to the entire deficiency. Shaw v. Commissioner,27 T.C. 561, 570 (1956), affd. 252 F.2d 681 (6th Cir. 1958). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). The burden placed upon the respondent can be satisfied through those facts deemed admitted and conclusively established pursuant to Rule 37(c). See Miller v. Commissioner,T.C. Memo. 1983-476, and Hindman v. Commissioner,T.C. Memo. 1983-389. Here, material factual allegations in respondent's reply have been admitted and conclusively established. In our view, those facts set forth above clearly and convincingly establish fraud with intent to evade tax for each year and we rely on them in sustaining respondent's determinations under section 6653(b). Petitioner knew of his obligation to file returns and to report his income, yet he chose *682 to keep substantial amounts of income off his books and records, as well as off his tax returns. Respondent has more than borne his burden of proving the existence of fraud for each of the years in question.The admitted affirmative factual allegations suffice to carry respondent's burden of proof herein. Doncaster v. Commissioner,77 T.C. 334 (1981). Petitioner was given ample opportunity to reply to the affirmative allegations of the amended answer. He himself chose not to do so. He could have been heard had he so wished but he chose to remain silent. We hold that respondent has succeeded in proving fraud for each year in question. Collateral Estoppel
Although we find that respondent has met his burden of proving fraud for 1973 through 1976, we also note that petitioner is collaterally estopped from denying that his underpayments were due to fraud for the years 1974, 1975 and 1976. The admitted facts indicate that petitioner was indicted and found guilty after trial by jury of violating section 7201 by willfully filing false and fraudulent rax returns for 1974, 1975 and 1976. Under these circumstances, we have long held that a taxpayer is collaterally *683 estopped from denying the allegations of fraud. Rodney v. Commissioner,53 T.C. 287 (1969); Amos v. Commissioner,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965); Arctic Ice Cream Co. v. Commissioner,43 T.C. 68 (1964); Plunkett v. Commissioner,T.C. Memo. 1970-274, affd. 465 F.2d 299 (7th Cir. 1972). Thus, petitioner is collaterally estopped from denying fraud for the years 1974, 1975 and 1976 by reason of his conviction of violation of section 7201. Because we have concluded that petitioner is collaterally estopped by his conviction under section 7201 from denying that a part of the underpayment of tax was due fraud, we need not discuss the extent to which collateral estoppel would be applicable because of petitioner's conviction of violation of section 7206 for the the years 1974 and 1975. See Considine v. Commissioner,68 T.C. 52 (1977); Goodwin v. Commissioner,73 T.C. 215 (1979). On the basis of this record we conclude that there no longer are any genuine issues as to any material fact and it is appropriate to render a decision for the *684 respondent as a matter of law. Therefore, respondent's motion for judgment on the pleadings is granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All rules references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Inasmuch as this matter has arisen through a pretrial motion, the post-trial procedures set forth in Rule 182 will not be applicable, based upon the language "as otherwise provided" contained in the Rule.↩
3. We note that the Notice of Hearing on respondent's motion was mailed by this Court on March 18, 1983, to the address shown on the petition herein, was forwarded and then returned to the Court with the notation "Moved Left No Address." Our Rule 21(b)(4) requires prompt notification of the Court of the change of mailing address of any party. No change of address has been filed with this Court in connection with this matter.↩
4. We might well have limited our discussion herein to the consideration of fraud in regard to the 1973 year only because, as set forth below, we believe that petitioner is collaterally estopped to deny fraud for the years 1974, 1975 and 1976 as a result of his criminal conviction under section 7201.↩