VICTOR E. LOCKMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lockman v. Commissioner
Docket No. 27691-87
United States Tax Court
T.C. Memo 1989-585; 1989 Tax Ct. Memo LEXIS 589; 58 T.C.M. (CCH) 542; T.C.M. (RIA) 89585; October 30, 1989
Victor E. Lockman, pro se. William H. Quealy, Jr., for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: By notice of deficiency dated May 18, 1987, respondent determined the following deficiencies *590 in, and additions to, petitioner's Federal income tax: Addition to Tax
Year
Deficiency
Sec. 6653(b) [1]
1976
$  9,444.14
$  4,722.07
1977
22,622.33
11,311.17
1978
15,054.07
7,527.04
1979
17,003.32
8,501.66
After concessions, no issues remain regarding the determination of petitioner's taxable income for the years at issue. The issues for consideration are: (1) whether any part of the underpayment for each of the years at issue is attributable to fraud so that petitioner is liable for additions to tax under section 6653(b); (2) whether the statute of limitations bars respondent from assessing the deficiency and addition to tax for taxable year 1976; and (3) whether respondent is prohibited by the Fifth and Seventh Amendments from proceeding against petitioner for taxable years 1977, 1978, and 1979 because of petitioner's plea of guilty to willfully failing to file a Federal income tax return in violation of section *591 7203. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner, who resided in Ramona, California, when he filed his petition, did not file Federal income tax returns or pay Federal income tax for taxable years 1976 through 1979. Petitioner is a cartoonist and freelance artist who has provided artwork to the Western Publishing Company (hereinafter referred to as "Western Publishing") since 1949. Prior to 1975 petitioner filed joint returns with his wife and paid his Federal income taxes. In 1975, petitioner and his wife began to engage in tax protestor activities. For taxable years 1974 and 1975 petitioner and his wife filed Forms 1040 on which they refused to disclose any information regarding their income. Attached to the Forms 1040 were documents advancing various tax protestor objections to the requirement that returns be filed. In succeeding years petitioner and his wife filed additional Forms 1040, purporting to amend their returns for years 1972 through 1975, in which they advanced various Constitutional arguments against the Federal *592 income tax. In 1977, petitioner mailed a document titled "United States of America Head Tax Form," along with payment in the amount of $ 1, to respondent. In addition to these tax protestor activities, petitioner took steps to conceal his assets and to prevent respondent from gathering any information regarding petitioner's income tax liability. In January of 1975, petitioner refused to supply Western Publishing with his taxpayer identification number and threatened to sue Western Publishing if it provided information regarding his income to respondent. In December of 1976, petitioner directed Western Publishing to issue his paychecks to the Christian Missionary Tract Society, Inc. (hereinafter referred to as "the Tract Society"), which was organized by petitioner. Petitioner later instructed Western Publishing to issue his paychecks to the Theonomic Fellowship and to the Milletus Church, both organized by petitioner. In 1977, petitioner and his wife transferred title to their residence and automobiles to the Tract Society. In 1978, they again transferred title to their residence and automobiles, this time to the Milletus Church. When the residence was subsequently sold, the *593 conveyances to the Tract Society and to the Milletus Church were set aside in favor of a lien for Federal income taxes. During 1976 through 1979, petitioner opened bank accounts in the name of the Tract Society, the Theonomic Fellowship Society, and Patriotracts at five financial institutions, including Security State Bank of Terreton, Idaho. Petitioner opened an account at Security State Bank after being assured it would not require a tax identification number for the account. Petitioner refused to provide information regarding his income and expenses in response to administrative summonses issued by respondent. In addition, petitioner threatened third parties who cooperated in respondent's examination with civil and criminal prosecution. On April 3, 1984, petitioner was indicted for the criminal offense of willfully failing to file his Federal income tax returns for 1977, 1978, and 1979 in violation of section 7203. On May 14, 1984, petitioner pled guilty to willfully failing to file his Federal income tax return for 1979 and the remaining counts were dismissed. OPINION Additions to Tax Under Section 6653(b)
The first issue is whether petitioner is liable for additions *594 to tax under section 6653(b). Section 6653(b) provides an addition to tax of 50 percent of the amount of a tax deficiency if any part of the underpayment is due to fraud. To sustain an addition to tax under section 6653(b), respondent has the burden of proving by clear and convincing evidence: (1) that there was an underpayment of tax, and (2) that some portion of the underpayment was due to fraud. Sec. 7454(a); Rule 142(b); Hebrank v. Commissioner, 81 T.C. 640, 642 (1983). Petitioner concedes an underpayment for taxable years 1976 through 1979. Accordingly, the first element under section 6653(b) is established. To establish the second element under section 6653(b), respondent must demonstrate by clear and convincing evidence that the taxpayer had a specific intent to evade a tax due and owing. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969). Fraud is never presumed but must be established by some independent evidence of fraudulent intent. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Nonetheless, fraud need not be established by direct evidence, but may be established *595 from relevant facts and circumstances. Kotmair v. Commissioner, 86 T.C. 1253, 1260 (1986). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213 (1971). Understated income, inadequate records, implausible or irreconcilable explanations, concealment of assets, and failure to cooperate with tax authorities are all indicia of fraud. Bradford v. Commissioner, 796 F.2d 303 (9th Cir. 1986), affg. a Memorandum Opinion of this Court. Respondent has demonstrated by clear and convincing evidence that petitioner had a specific intent to evade tax. In addition to not filing returns, petitioner attempted to conceal his income and assets, kept no records of his income, refused to cooperate with respondent, and warned third parties, under threat of legal action, not to cooperate with respondent. Petitioner's course of conduct during the years at issue firmly establishes his fraudulent intent. Petitioner relies on Raley v. Commissioner, 676 F.2d 980 (3d Cir. 1982), revg. a Memorandum Opinion of this Court, in arguing that his open defiance of the law precludes *596 a finding of fraud. In Raley, the taxpayer called attention to his failure to file returns by writing numerous letters to various tax collection officials pointing out his objections to the Federal income tax. The Third Circuit Court of Appeals held that the evidence presented by petitioner of his open defiance of the revenue laws was sufficient to "dilute" respondent's case of fraud. Raley v. Commissioner, supra at 983. However, the Third Circuit Court of Appeal's reasoning was rejected by the Ninth Circuit Court of Appeals, to which an appeal would lie in this case, in Edelson v. Commissioner, 829 F.2d 828 (9th Cir. 1987), affg. a Memorandum Opinion of this Court. The Ninth Circuit concluded that whether or not a taxpayer discloses his willful refusal to file is irrelevant to a finding of fraud. Edelson v. Commissioner, supra at 833. Thus, even if petitioner's level of tax protestor activities reached that of the taxpayer in Raley, under the Ninth Circuit's analysis it would not shield him from liability for additions to tax under section 6653(b). Consequently, we sustain the additions to tax determined against *597 petitioner under section 6653(b). Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). Statute of Limitations
As a general rule, any deficiency or addition to tax must be assessed by the Commissioner within three years of the date the return at issue was filed. Sec. 6501(a). Exceptions to the general rule arise when no return is filed or where there has been a willful attempt to evade tax, in which case the tax and additions to tax may be assessed at any time. Sec. 6501(c). Petitioner argues that the statute of limitations bars respondent from assessing the determined deficiency and addition to tax for taxable year 1976. However, petitioner failed to file a return for taxable year 1976, and we have found that petitioner willfully attempted to evade tax for that year. Therefore, section 6501(c)(2) and (3) permit respondent to assess the determined deficiency and addition to tax at any time. We find that respondent is not barred by the statute of limitations.
Constitutional Arguments
The final issue is whether, because of the plea agreement entered into *598 for taxable year 1979, the assessment of additions to tax under section 6653(b) for taxable years 1977, 1978, and 1979 is prohibited: (1) by the double jeopardy clause of the Fifth Amendment; or (2) by the Seventh Amendment as a reexamination of a fact tried by a jury. We first address petitioner's double jeopardy argument. It is well settled that respondent is not barred from collecting deficiencies and associated civil sanctions from the taxpayers who have pled guilty to a criminal charge. Helvering v. Mitchell, 303 U.S. 391 (1938); Kenney v. Commissioner, 111 F.2d 374 (5th Cir. 1940), affg. a Memorandum Opinion of this Court. Congress may impose both a criminal and a civil sanction in respect to the same act or omission; the double jeopardy clause prohibits only an attempt to punish criminally twice for the same offense. Helvering v. Mitchell, supra at 401. In a recent case, the United States Supreme Court considered the constitutionality of imposing a civil penalty after a criminal conviction under the Federal false claims statute. In United States v. Halper, 490 U.S. , 109 S. Ct. 1892 (May 15, 1989), *599 the defendant had been convicted of submitting 65 false claims to the government for payment of services rendered. The defendant was sentenced to 2 years' imprisonment and fined $ 5,000. Under the civil false claims statute, the defendant was also liable for a civil penalty of $ 2,000 on each of the 65 false claims, as well as for twice the amount of the government's actual damages of $ 585 and the costs of the action. The District Court held that the civil penalty, which was 220 times greater than the government's loss, was a punishment in violation of the double jeopardy clause. The Supreme Court affirmed, holding that a civil sanction constitutes punishment when it serves the goals of punishment -- retribution and deterrence. United States v. Halper, supra at 1902. The Court concluded that under the double jeopardy clause a defendant who has been punished in a criminal prosecution may not be subjected to an additional civil sanction if the civil sanction may not fairly be characterized as remedial, but as a deterrent or retribution. To be characterized as remedial, the civil action must be rationally related to the goal of making the government whole. United States *600 v. Halper, supra at 1903. However, the Supreme Court limited this rule to the rare case where a fixed penalty "subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused." United States v. Halper, supra at 1902. In determining whether a civil sanction is overwhelmingly disproportionate to the damages suffered by the government, the Supreme Court recognized that the injuries include "not merely the amount of the fraud itself, but also ancillary costs, such as the costs of detection and investigation * * *." United States v. Halper, supra at 1900. The Supreme Court's holding in Halper is of no assistance to petitioner. The addition to tax under section 6653(b) is not a fixed penalty, as was the case in Halper. Also, it cannot be said that the addition, which equals 50 percent of the amount of the deficiency, is overwhelmingly disproportionate to the injuries suffered by the government. In addition to the loss of revenue due to petitioner's fraudulent underpayment of tax, respondent incurred substantial costs in proceeding against petitioner. These costs were increased by petitioner's failure *601 to cooperate and his attempts to conceal assets. We find that the additions to tax determined by respondent are rationally related to the goal of making the government whole. The additions can fairly be characterized as remedial, not as a deterrent or retribution. Therefore, in the instant case the double jeopardy clause does not bar the assessment of additions to tax under section 6653(b). Petitioner also argues that respondent is barred by the Seventh Amendment, which provides: In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law. Petitioner does not argue that in the instant case he is entitled to a trial by jury. Rather, petitioner argues that his guilty plea for 1979 is the equivalent of a jury verdict for taxable years 1977, 1978, and 1979, and respondent is therefore estopped by the Seventh Amendment from proceeding against petitioner because to do so would require the reexamination of a fact tried by a jury. Petitioner's argument is without merit. *602 The Supreme Court has treated the Seventh Amendment as preserving the right to trial by jury in civil cases as it existed under the English common law when the amendment was adopted. Colgrave v. Battin, 413 U.S. 149 (1973); Baltimore & Carolina Line v. Redman, 295 U.S. 654, 657 (1931). Therefore, it is inapplicable to petitioner's plea of guilty to a criminal offense. We find that respondent is not estopped by petitioner's plea agreement from proceeding against petitioner for the determined deficiencies and additions to tax. In light of the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩