## GREENWOOD PACKING PLANT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4977.

Circuit Court of Appeals, Fourth Circuit.

Argued Oct. 17, 1942.

Reargued Nov. 14, 1942.

Decided Nov. 20, 1942.

816

Theodore B. Benson, of Washington, D. C., for Petitioner.

Arthur A. Armstrong, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Samuel H. Levy, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before PARKER, SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This case relates to a deficiency of $1,598.02 in unjust enrichment tax for the year 1935, determined by the Commissioner of Internal Revenue and approved by the Board of Tax Appeals under the Revenue Act of 1936, Ch. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 819 et seq. During the year 1935, the Greenwood Packing Company, a South Carolina corporation, the taxpayer, handled three classes of merchandise. It was engaged in processing hogs and selling the products, in selling cattle and selling the products, and in buying salt meats, butter and other dairy products at wholesale and selling them at retail. The records of the business for the tax year 1935 comprised a ledger, a cash book and purchase and sale invoices, but the invoices, having been damaged by rats, were destroyed in 1936. From the remaining records purchases can be segregated into:

Merchandise bought for resale   $29,470.85
Cattle purchased for slaughter    27,252.43
Hogs and material bought for
    processing ...............    16,811.74

The total sales are shown to have been $105,821.95, but no segregation of sales among the three classes of merchandise can be made.

The taxpayer did not pay the processing tax of $1,997.52 on hogs for the year 1935, but accrued it as an obligation on its books, and showed a net loss on the business as a whole in its income tax return for the year. After the processing tax had been declared unconstitutional and the return had been adjusted by the revenue agent, it showed a net loss for the year of $47.63.

■ The taxpayer's return of tax on unjust enrichment for the year 1935 was filed on December 16, 1936. Therein a revised net gain of $53.82 from the business as a whole for the year 1935 was indicated, but no unjust enrichment income subject to tax was shown. In this return the taxpayer made no attempt to show that it had not shifted the tax to customers, and failed to furnish any of the information required by the schedules annexed to the return from which the computations of net income directed by the act must be made. In effect, the taxpayer confined itself to the statement that since the payment of certain salary obligations was made possible only by the invalidation of the tax, there had been no unjust enrichment by virtue of the tax. Under these circumstances, the Commissioner drew the reasonable inference that the burden of the tax had been shifted to others, and therefore determined a deficiency in the sum of $1,598.02, that is, 80% of the total tax of $1,997.52. Under the established rule, this determination must be accepted as prima facie correct. The burden rests upon the taxpayer to prove the contrary. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212; Helvering v. Taylor, 293 U.S. 507, 514, 515, 55 S.Ct. 287, 79 L.Ed. 623; Wilson Coal Land Co. v. Commissioner of Internal Revenue, 4 Cir., 87 F.2d 186; Manchester Board & Paper Co. v. Commissioner of Internal Revenue, 4 Cir., 89 F.2d 315.

The following statutory provisions are relevant to the discussion:

"§ 501. Tax on Net Income from Certain Sources

"(a) The following taxes shall be levied, collected, and paid for each taxable year (in addition to any other tax on net income), upon the net income of every person which arises from the sources specified below:

"(1) A tax equal to 80 per centum of that portion of the net income from the sale of articles with respect to which a Federal excise tax was imposed on such person but not paid which is attributable to shifting to others to any extent the burden of

such Federal excise tax and which does not exceed such person's net income for the entire taxable year from the sale of articles with respect to which such Federal excise tax was imposed.

\* \* \* \* \* \* \*

"(c) The net income from the sales specified in subsection (a) (1) shall be computed as follows:

"(1) From the gross income from such sales there shall be deducted the allocable portion of the deductions from gross income for the taxable year which are allowable under the applicable Revenue Act; or

\* \* \* \* \* \* \*

"(l) The taxes imposed by subsection (a) shall be imposed on the net income from the sources specified therein, regardless of any loss arising from the other transactions of the taxpayer, and regardless of whether the taxpayer had a taxable net income (under the income-tax provisions of the applicable Revenue Act) for the taxable year as a whole; except that if such application of the tax imposed by subsection (a) is held invalid, the tax under subsection (a) shall apply to that portion of the taxpayer's entire net income for the taxable year which is attributable to the net income from the sources specified in such subsection."

■ Under Section 501(a) (1) the taxpayer may show that no unjust enrichment tax was due by proving, either that he has not shifted the tax to others, or that he received no net income from the sale of the articles with respect to which the excise tax was imposed. The taxpayer in the instant case failed to take either course. In the subsequent proceeding before the board it was assumed by all parties, as was shown by the adjusted income tax return, that the business as a whole was conducted at a net loss of $47.63 for the year in question. But the taxpayer offered no other evidence to show that it had not passed on the tax, contending that this net loss alone was sufficient to show that it had no net income subject to the unjust enrichment tax. Nor did the taxpayer offer any documentary evidence to show

that it had conducted its processing department at a loss. It rested its case before the board in this respect on the testimony of one of its officers, who testified in a general way that it lost money on its hogs.

The board, however, rejected both of these contentions and in our opinion there was substantial foundation for the conclusion reached. The fact that the taxpayer operated its whole business at a small loss did not compel the conclusion that the tax had not been passed on; and the general testimony as to the operation of the processing department was not conclusive in the absence of any figures which disclosed the amount of gross sales of hogs or made possible even a reasonable approximation of the net income or loss from this department of the business. The board was justified in its conclusion that the testimony offered by the taxpayer was insufficient to overcome the presumption that the Commissioner's determination was correct.

■ We hold, therefore, that under the circumstances outlined, the board's decision was correct, even though it be assumed as was done in the proceeding before the board, that the business as a whole was conducted at a net loss of $47.63 for the year in question. It is a fact, however, as will appear from the opinion of this court in 131 F.2d 787, filed on November 12, 1942, on the petition of the taxpayer to review the decision of the board with respect to its income tax for the year 1935, that the taxpayer realized a gain of $5500 in that year in another transaction, for which, under a mistaken view of the law, it failed to account in its income tax return. By reason of this decision the taxpayer now withdraws the contention which was advanced in its brief in the instant case that § 501 (l) of the Act is unconstitutional insofar as it imposes a tax upon the unjust enrichment resulting from the invalidation of the processing tax, regardless of whether the taxpayer had a taxable net income for the taxable year as a whole.

The decision of the board will therefore be affirmed.