GREENFELD v. COMMISSIONER OF INTERNAL REVENUE.

No. 5630.

Circuit Court of Appeals, Fourth Circuit.

Dec. 30, 1947.

Bernard M. Goldstein, of Baltimore, Md., for petitioner.

Harry Baum, Sp. Asst. Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and Helen R. Carloss, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before SOPER and DOBIE, Circuit Judges, and CHESTNUT, District Judge.

SOPER, Circuit Judge.

This is an appeal from a judgment of the Tax Court sustaining the action of the Commissioner of Internal Revenue in assessing income tax deficiencies and 50% fraud penalties for the years 1934 and 1935 under Section 22(a) and 293(b), respectively, of the Revenue Act of 1934, 48 Stat. 680, 26 U.S.C.A.Int.Rev.Code, §§ 22(a), 293(b). The principal points urged by the taxpayer on this appeal are that the findings of the Tax Court are not supported by substantial evidence, and that the assessments are barred by the 3-year statute of limitations prescribed in Section 275(a) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev. Code, § 275(a).

In 1934 the taxpayer delivered to the Equitable Trust Company in Baltimore, Maryland, bearer bonds issued by the United States Government, or by Government corporations, and Equitable sold the bonds for the taxpayer and after deducting its commissions, paid him the sum of $138,-318.49. Similar transactions occurred in 1935 from which the taxpayer realized the sum of $12,669.96. All the bonds in question were stolen from banks in various parts of the United States; but it is agreed that the taxpayer was not implicated in the thefts. None of the money realized from these sales was reported by the taxpayer in his returns for the years 1934 and 1935. The Commissioner was of the opinion that the proceeds were taxable as income and assessed deficiencies accordingly.

■ The Commissioner having assessed the deficiencies, the burden was on the taxpayer to prove them erroneous. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212; Greenwood Packing Plant v. Commissioner, 4 Cir., 131 F.2d 815. The taxpayer undertook to carry this burden and testified that in 1934 and 1935 his occupation was that of a "racing broker," that is to say, one who receives bets on horse races and transmits them to bookmakers for a commission paid by the bookmakers which in his case ranged from 1% to 2½% on the amount of the wagers. He further testified that one Frank Cole placed numerous bets with him in the years 1934 and 1935 and gave him the bonds to cover the bets. He said that although he had cashed the bonds at the Equitable Trust Company he had not retained the money but had distributed it to the bookmakers or to Cole, depending on the outcome of the wagers, and that his only income in connection with these transactions were the commissions which he received on the bets and which he reported in his returns.

■ The taxpayer's testimony was uncorroborated and the Tax Court did not believe it. He contends that this ruling was in conflict with the rule that uncontradicted testimony, not incredible in itself and not discredited in any way, respecting facts capable of contradiction, ordinarily must be accepted as true. Gibson v. Southern Pacific Co., 5 Cir., 67 F.2d 758; Rosenberg v. Baum, 10 Cir., 153 F.2d 10; Twentieth Century-Fox Film Corp. v. Dieckhaus, 8 Cir., 153 F.2d 893; San Francisco Association for Blind v. Industrial Aid for the Blind, 8 Cir., 152 F.2d 532. The rule, however, is subject to many qualifications and exceptions. As was said in Quock Ting v. United States, 140 U.S. 417, 420, 421, 11 S.Ct. 733, 734, 851, 35 L.Ed. 501:

"Undoubtedly, as a general rule, positive testimony as to a particular fact, uncontradicted by any one, should control the decision of the court; but that rule admits of many exceptions. There may be such an inherent improbability in the statements of a witness as to induce the court or jury to disregard his evidence, even in the absence of any direct conflicting testimony. He may be contradicted by the facts he states as completely as by direct adverse testimony; and there may be so many omissions in his account of particular transactions, or of his own conduct, as to discredit his whole story. His manner, too, of testifying may give rise to doubts of his sincerity, and create the impression that he is giving a wrong coloring to material facts. All these things may properly be considered in determining the weight

which should be given to his statements, although there be no adverse verbal testimony adduced."

When the testimony of the taxpayer is examined in this light, many deficiencies immediately appear. He kept no books or records in 1934 or 1935 and no record of the bets. He employed an accountant to prepare his income tax returns for these years but failed to make clear how the information necessary to the preparation of the returns was given to the accountant. He did not know Cole's business or address or the amount of Cole's bets or the source from which Cole acquired the bonds. He did not recall the name of any of the seven or eight bookmakers, most of them in Baltimore, with whom he had placed Cole's bets in these years, because he had done business since that time with one hundred and fifty bookmakers. He produced no person and no records to show that he was not the owner of the proceeds of the bonds and no checks to show the distribution of the proceeds. Under these circumstances the Tax Court was obviously justified in disbelieving the testimony of the taxpayer and in holding that he had not overcome the presumption of correctness of the Commissioner's determination that the proceeds of the bonds were taxable to him as income. See Hoefle v. Commissioner, 6 Cir., 114 F.2d 713; O'Laughlin v. Helvering, 65 App.D.C. 135, 81 F.2d 269; Cohen v. Commissioner, 2 Cir., 148 F.2d 336.

The taxpayer also advances the contention that, inasmuch as the bonds in question were stolen, he was under an obligation to return to the owners the money which he received from the sales and hence it cannot be said that he realized taxable income. This argument was not made in the Tax Court and it is open to question whether it can be asserted here; see Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037; but we pass by this point since we find no merit in the argument. The taxpayer relies on the recent decision of the Supreme Court in Commissioner v. Wilcox, 327 U.S.404, 408, 66 S.Ct. 546, 90 L.Ed. 752, 166 A.L.R. 884, where the court held that embezzled money does not constitute taxable income to the embezzler because, (1) he does not hold it under any claim of right, and (2) he is subject to a definite and unconditional obligation to repay.

Neither of these elements is proved in the case at bar. The bonds were bearer bonds, negotiable upon delivery, and they were received by the taxpayer according to his testimony in good faith and without notice that they were stolen; and hence from all that appears, he was a holder in due course capable of taking title even from the thief, under the established rule. See Md.Code Ann., 1939, Art. 13, Sections 35, 71, 76; State v. Brown, 64 Md. 199, 208, 1 A. 54, 6 A. 172; Barroll v. Forman, 88 Md. 188, 40 A. 883; Davis v. West Saratoga Building Union, 32 Md. 285. The finding of the Tax Court that he did not receive the bonds as a stakeholder is quite consistent with the possibility that he received them in some other way compatible with a claim of right and without the obligation to return the proceeds to the owners. In short, the taxpayer in this instance also has failed to bear the burden of proof to show that the Commissioner's determination was wrong. He comes within the rule that "if a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent." North American Oil Consolidated v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197. See also Fleischer v. Commissioner, 8 Cir., 158 F.2d 42; McKnight v. Commissioner, 5 Cir., 127 F.2d 572.

The Commissioner made the additional determination that the deficiency in each year, or at least a part of it, was due to the fraudulent intent on the part of the taxpayer to evade the tax and hence, pursuant to Section 293(b) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 293 (b), the Commissioner assessed a 50% penalty for each year; and the Tax Court, upon consideration of all the evidence, sustained the finding. In respect to this issue the burden of proof was upon the Com-

missioner; 26 U.S.C.A.Int.Rev.Code, § 1112; but the findings of the Tax Court, if supported by substantial evidence, are conclusive. Helvering v. Kehoe, 309 U.S. 277, 60 S.Ct. 549, 84 L.Ed. 751.

The evidence before the Tax Court included proof tending to show the following situation: The taxpayer reported a gross income of $7825.58 for 1934 and $2897.80 for 1935, but failed to report as income any part of the sum of $138,318.49 received in 1934 or the sum of $12,669.95 received in 1935. He kept no record of his transactions, produced no corroborating witnesses, failed to give the business or address of the person from whom these large receipts were alleged to have been derived or to name the persons in Baltimore with whom the local business was transacted. In addition he reported the receipt of betting commissions of only $725.45 in 1934 when, according to his own statement, over $138,-000 of betting money on which commissions ranged from 1 to 2½% passed through his hands. The incredible testimony offered by the taxpayer, his remarkable lack of memory and the absence of ordinary business records all combine to indicate a purpose to conceal and deceive which ordinarily accompanies fraudulent activities.

■ Since the Tax Court rejected the taxpayer's testimony as to the nature of the bond transactions, and the Commissioner's determination of the deficiencies is accordingly sustained, the outstanding and unexplained fact, relative to the issue of fraud, remains in the case that during the tax years the taxpayer in some mysterious way received large sums of money which he failed to make record of in any businesslike fashion or to include in his income tax returns. We therefore reach the conclusion, as the courts have frequently done in similar situations, that there was substantial evidence to support the Tax Court's finding that the deficiencies were due to fraud with intent to evade the tax. See Maddas v. Commissioner, 3 Cir., 114 F.2d 548; Hoefle v. Commissioner, 6 Cir., 114 F.2d 713; Kenney v. Commissioner, 5 Cir., 111 F.2d 374; O'Dwyer v. Commissioner, 5 Cir., 110 F.2d 925; Rogers v. Commissioner, 6 Cir., 111 F.2d 987.

■ In the light of this conclusion, there is no merit in the taxpayer's contention that the statute of limitations barred the determination of the deficiencies since Section 276(a) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 276(a), provides that the limitation period is not applicable in the case of a fraudulent return with intent to evade the tax.

Affirmed.