## CARMACK et ux. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13075.

United States Court of Appeals
Fifth Circuit.

June 30, 1950.

On Motion to Modify Aug. 1, 1950.

Muckleroy McDonnold, San Antonio, Texas, for petitioners.

Harry Marselli, Ellis N. Slack, Virginia H. Adams, Special Assistants to Attorney General, Theron Lamar Caudle, Assistant Attorney General, Charles Oliphant, Chief Counsel, Bureau of Internal Revenue, Bernard D. Daniels, Special Attorney, Bureau of Internal Revenue, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

This appeal involves an alleged deficiency in Federal income tax for the year 1945, plus a five per cent negligence penalty for failure to report the entire amount of taxable income received.

The principal question confronting us for determination is whether the Tax Court properly found that taxpayer and his wife understated their gross income by $33,320.53 in 1945, or whether such finding is clearly erroneous.

The material facts, briefly stated, reveal that the taxpayer and his wife are residents

of San Antonio, Texas, and that they filed a joint income tax return for the tax year in question in which they reported a gross income of only $4,144.96. This amount constituted the taxpayer's compensation for services as a Colonel in the United States Army.

In June of 1947 the 1945 return of taxpayer and his wife was assigned to a revenue agent for investigation. Taxpayer admitted having won a sizeable sum from gambling at poker, but claimed that he did not know this amount constituted taxable income. On October 8, 1947, he filed an amended joint return for 1945, in which he added the amount of $6,500 as "Estimated poker winnings above losses" to his salary as an Army officer which he had originally reported. This amended return was not accepted by the collector.

On March 26, 1948, the Commissioner determined after an investigation that taxpayer had understated his gross income for 1945 in the amount of $41,244.58, and that his total gross income for that year was $45,389.54. The taxpayer contested this determination. Upon a hearing, the Tax Court sustained the Commissioner's finding that taxpayer had understated his income, but reduced the Commissioner's computation of his gross income for 1945 to $37,465.49. In detailed and elaborate findings of fact, the Tax Court found that taxpayer's holdings during this period in bank accounts, War Bonds, Postal Savings and cashier's checks, had increased in the amount of $35,745.79 from January 1, to December 31, 1945. After deducting from this increase the amount which it found attributable to taxpayer's salary and to other small income from interest payments, the Tax Court held that the remainder of the increase, or $33,270.79, constituted unreported taxable income from poker winnings or other sources for the year 1945, and assessed this deficiency in gross income against the taxpayer.

■ The Tax Court computed the unreported gross income of taxpayer by the net worth method of computation, which has been approved by this circuit and by other courts. See Kenney v. Commissioner, 5 Cir., 111 F.2d 374, 375; O'Dwyer v. Commissioner, 5 Cir., 110 F.2d 925; Harris v. Commissioner, 4 Cir., 174 F.2d 70; see also, Gleckman v. United States, 8 Cir., 80 F.2d 394; United States v. Wexler, 2 Cir., 79 F.2d 526.

Taxpayer attempts to explain the disproportionate increase in his net worth during the tax year involved by testimony to the effect that on January 1, 1945, he and his wife had cash in large denomination bills in their possession in the amount of approximately $25,031.25. They contend that during this period his wife kept over $25,000 in a cedar chest in their home. Some of the increase is attributed to collections on debts owed to taxpayer by fellow army officers. The Tax Court rejected these explanations, and found as a fact that the increase in taxpayer's net worth during the year 1945 was actually attributable to unreported taxable income.

■ The Commissioner's determination that a taxpayer is in possession of unreported taxable income is *prima facie* correct, and the taxpayer has the burden of proving it wrong. Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184; Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212; Hoefle v. Commissioner, 6 Cir., 114 F.2d 713, 714; Snell Isle, Inc. v. Commissioner, 5 Cir., 90 F.2d 481, 482.

■ Here, the taxpayer testified generally that his evidence was based on vouchers, records, and other documents, but introduced none of them in evidence in corroboration of his testimony. He swore that he kept no regular records. Under the circumstances, the Tax Court was not bound to believe or to accept the uncontradicted testimony of taxpayer and his wife, where such testimony patently appears highly improbable or manifestly unreasonable. O'Laughlin v. Helvering, 65 App.D.C. 135, 81 F.2d 269, 271; Rand v. Helvering, 8 Cir., 77 F.2d 450, 451.

■ If the increase in taxpayer's net worth during the tax year involved was not actually attributable to unreported income, it was incumbent upon him to establish that fact by some competent and satisfactory evidence. This he has signally failed to do. Cf. Harris v. Commissioner, 4 Cir., 174 F.

2d 70, 72; Hoefle v. Commissioner, 6 Cir., 114 F.2d 713, 714.

We further hold that under the evidence adduced the Tax Court properly sustained the Commissioner's assessment of the five per cent negligence penalty under Section 293(a) of the Internal Revenue Code. Title 26 USCA, Section 293(a). Gouldman v. Commissioner, 4 Cir., 165 F. 2d 686, 690-691; Credit Bureau of Greater New York v. Commissioner, 2 Cir., 162 F.2d 7, 9; West Side Tennis Club v. Commissioner, 2 Cir., 111 F.2d 6, 130 A.L.R. 103.

The judgment is
Affirmed.

### On Motion to Modify

PER CURIAM.

Upon consideration of the motion to modify decision filed in the above styled and numbered cause, it is ordered that the original decision therein be modified by providing that the affirmance is without prejudice to the right of the Tax Court under Rule 50, 26 U.S.C.A. § 1111, to make any corrections in its computation of petitioners' tax liability warranted or justified by the record. With this modification, the original judgment is affirmed.