CHARLES G. VICK AND ANNE S. VICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vick v. Commissioner
Docket No. 10518-80.
United States Tax Court
T.C. Memo 1984-353; 1984 Tax Ct. Memo LEXIS 322; 48 T.C.M. (CCH) 489; T.C.M. (RIA) 84353; July 11, 1984. Charles G. Vick, pro se. Howard P. Levine, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in the income tax due from petitioners for 1977 and 1978 in the amounts of $1,130.84 and $920.00, respectively. In addition, respondent determined that petitioners are liable for additions to tax under section 6653(a)[1] in the respective amounts of $56.54 and $46.00. The issues for decision are (1) whether petitioners received income in 1977 and 1978 as determined by respondent which they did not report; (2) whether petitioners are entitled to deduct business expenses for 1977 and 1978 in excess of those allowed by respondent; (3) whether certain income earned by Anne S. Vick is subject to self-employment tax; and (4) whether the underpayment of tax for 1977 and 1978 was due to negligence or the intentional disregard of rules and regulations. *324 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioners, Charles G. and Anne S. Vick, husband and wife, resided in Memphis, Tennessee, when they filed their petition in this case. Their joint income tax returns for the years in issue were filed with the Internal Revenue Service Center at Memphis. Mr. Vick is a graduate of Cumberland Law School, Lebanon, Tennessee, and is a former member of the Tennessee Bar, where he practiced for several years, but during 1977 and 1978 he was a salesman. He sold products for Amway, Slender Now, and American Weight Control Association, Inc. He also sold insurance for Life of Georgia Insurance Company. However, no gross income from any of these sources was reported by the petitioners on their 1977 and 1978 returns. In fact the returns did not reflect any income by Mr. Vick. Nevertheless the returns did contain deductions from gross income for automobile and other employee business expenses for him totaling $8,000.26 for 1977 and $7,500.00 for 1978. During 1977 and 1978 Mrs. Vick was employed full time as *325 a physical therapist for the Memphis City Schools. The amounts received by her in return for such services were shown on Forms W-2 and correctly reported by the petitioners on the joint returns for both years. However, in 1977 Mrs. Vick also substituted from time to time for other physical therapists at Doctors Hospital of Memphis. For the substitute work she received $879.00 from the hospital but did not receive a Form W-2 with respect to such income. Instead the hospital gave her a Form 1099 which reflected the $879.00 as miscellaneous income with no withholding for income or social security taxes. On the joint return for 1977, the petitioners correctly reported the $879.00 for income tax purposes but failed to report it as self-employment income and no self-employment tax was paid with respect thereto. As the result of an audit of the joint returns for 1977 and 1978 the respondent made certain determinations. First, he determined that the petitioners had failed to report income from the sources and in the amounts shown below: Source
1977
1978
Amway
$ 308.38
$ 67.77
Slender Now
952.60
196.88
American Weight Control
383.39
30.03
Life of Georgia
11.76
Total
$1,656.13
$294.68
*326 Secondly, respondent determined that the deductions claimed by the petitioners for employee business expenses in the amounts of $8,000.26 for 1977 and $7,500.00 for 1978 were not allowable to the extent of $4,311.85 and $4,657.80, respectively; thirdly, he determined that the $879.00 received by Mrs. Vick in 1977 from Doctors Hospital of Memphis was subject to self-employment tax under section 1402; and finally, he determined that the petitioners were liable for the addition to tax provided by section 6653(a) in each year because of negligence or the intentional disregard of applicable rules and regulations. OPINION The four determinations made by the respondent in this case are presumed to be correct and the petitioners have the burden of proving otherwise. Rule 142(a); Welch v. Helvering290 U.S. 111 (1933); Fox v. Commissioner,61 T.C. 704 (1974); Reily v. Commissioner,53 T.C. 8 (1969); England v. Commissioner,34 T.C. 617 (1960). For the reasons set forth below they have failed to do so as to each issue. *327 Unreported Income
At trial Mr. Vick conceded that he had received gross income during 1977 and 1978 from the sources and in the amounts determined by respondent but contended that in each year he incurred allowable business expenses which more than offset the income. He failed, however, to produce any evidence which tended to support his contentions and, therefore, has failed to carry his burden of proof. He also failed to furnish any authority for his conclusion that offsetting expenses, even if proved, would relieve him of the responsibility of reporting the income. Sections 61, 6011 and 6012. Unallowable Business Expenses
Here again Mr. Vick's contentions are not supported by the evidence in the record. For instance, with respect to the automobile expenses he contends that he is entitled to more than the amounts allowed by the respondent but he presented no documentary evidence which tended to show how many miles either of the two cars involved were driven on business. In fact his only evidence on this point was his own testimony to the effect that the vehicles were driven on business for the miles shown on the returns and that the daily logs and other *328 records which he had simultaneously prepared and which supported the claimed deductions were lost when be attempted during preparation for trial to mail them to respondent's counsel. His testimony alone is not sufficient to sustain the deduction. Carmack v. Commissioner,183 F.2d 1 (5th Cir. 1950), affg. a Memorandum Opinion of this Court dated June 15, 1949, cert. denied 340 U.S. 875 (1950). Furthermore, his explanation of how the loss of the records allegedly occurred was unclear and not logical under the circumstances, and even if accepted, would not explain why the records were not made available to respondent's agents during the audit. [2]
*329 The evidentiary picture is the same with respect to the balance of the expenses claimed by the petitioners and disallowed by the respondent. In fact, we are inclined to believe that under the strict requirements of section 274(d) the petitioners, on this record, would have difficulty sustaining the amount of the expenses already allowed by the respondent. Self-employment Income
Mrs. Vick is a physical therapist. During 1977 and 1978 she was employed full time as such by the Memphis City Schools. During 1977 she substituted on occasion for other therapists at Doctors Hospital. For the substitutions she was paid $879.00. Obviously the $879.00 was paid for her professional services as a therapist and just as obviously payment for such services is subject to the salf-employment tax. Section 1402. Additions to Tax Under Section 6653(a)
As previously noted Mr. Vick is a graduate of a well-recognized law school [3] and practiced law for several years. Mrs. Vick is a physical therapist. Consequently, they are both well educated and their demeanor at the trial indicated that they both have better than average intelligence. We conclude, therefore, that their *330 failure to report the gross income from Amway, Slender Now, American Weight Control, and Life of Georgia while claiming deductions for more than $15,000.00 in expenses allegedly associated with the same activity had to be intentional and had to be in total disregard of the regulations issued under sections 61, 62, 6011 and 6012. The same conclusion is inescapable as to their failure to correctly report the $879.00 received by Mrs. Vick from Doctors Hospital. We conclude, therefore, that at the very least such overall conduct constitutes sufficient negligence to support the assertion of the addition provided by section 6653(a). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
2. Mr. Vick testified that he mailed his logs and other records relating to sales activity to respondent by certified mail. Even though the records were never received Mr. Vick has apparently made no effort to recover or replace them. Even if he mailed the records as he testified, the burden of going forward with the evidence would not shift merely because the records were unintentionally lost, whether by petitioner, the government, or the postal service. American Police and Fire Foundation, Inc. v. Commissioner,81 T.C. 699 (1983). Furthermore the loss of a record permits secondary evidence to be submitted to prove the contents of the original. Rule 1004, Federal Rules of Evidence; Malinowski v. Commissioner,71 T.C. 1120, 1125↩ (1979).
3. Cumberland's graduates include Cordell Hull and at one time included most of Tennessee's then active judges, members of Congress and outstanding trial lawyers. The law school is now a part of Samford University, Birmingham, Alabama.↩