**ASSOCIATED OBSTETRICIANS AND GYNECOLOGISTS, P.C., Petitioner-Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 83–1593.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 22, 1984.

Decided May 14, 1985.

Patricia K. Ganier (Lead counsel), Charles A. Trost, Waller, Lansden, Dortch and Davis, Nashville, Tenn., Joseph A. Sowell (argued), for petitioner-appellant.

Joel Gerber, Acting Chief Counsel, I.R.S., Washington, D.C., Glenn L. Archer, Jr., Michael L. Paup, Tax Div., Dept. of Justice, Washington, D.C., Richard W. Perkins, Mary L. Fahey (argued), for respondent-appellee.

Before ENGEL, KENNEDY and WELLFORD, Circuit Judges.

PER CURIAM.

■ The taxpayer, Associated Obstetricians and Gynecologists, P.C. (AOG), appeals from a judgment of the United States Tax Court affirming the Commissioner's determination of deficiencies in the taxpayer's federal corporate income taxes for 1976 and 1977. The sole issue in this case is whether certain works of art displayed by the taxpayer in its medical offices are depreciable property entitling the taxpayer

to depreciation deductions and investment tax credits for the tax years in issue. For the reasons set forth in the Tax Court's opinion, *Associated Obstetricians and Gynecologists, P.C. v. Commissioner*, 46 T.C.M. 613 (CCH) (1983), we affirm.

The facts of this case are recited in detail in the Tax Court's opinion. We summarize briefly only the most pertinent facts here.

During the years 1973 through 1977, AOG purchased over seventy works of art to be displayed in its medical offices in Nashville, Tennessee. This artwork consisted of paintings, sculpture, pottery and batik prints, ranging in price from $40 to $7,000. The total cost of artwork acquired over this five-year period was $75,410.32. The Tax Court found expressly that none of the works was purchased for investment or was used for any personal or nonbusiness purpose.

On its 1976 and 1977 federal corporate income tax returns, AOG claimed deductions for depreciation of the art objects purchased to decorate its offices. In determining the depreciation deductions, AOG's accountant generally selected useful lives of 10 years, the same period selected for the interior design scheme, office furnishings and medical equipment. The salvage value of the objects purchased in 1973, 1974 and 1975 generally was estimated to be 10 percent of the cost of each item. Works purchased in 1976 and 1977 were estimated to have no salvage value at the end of their useful lives. AOG also claimed investment credits for items purchased in 1976 and 1977. The credits were computed on the same basis used to compute the depreciation deductions for each item.

In a notice of deficiency dated March 6, 1980, the Commissioner determined that the amounts of the depreciation deductions and investment credits allocable to the art objects were not allowable "because it has not been established that these art objects had a determinable useful life or that any amount is otherwise allowable under section 167." AOG petitioned the Tax Court for a redetermination of taxes, and the Tax Court affirmed the Commissioner's determination of deficiency.

We perceive no error of law in the Tax Court's opinion. A taxpayer claiming error in an IRS determination that certain assets are not depreciable must prove not only the error but also the reasonableness of the depreciation claimed. *See Campbell v. Commissioner*, 504 F.2d 1158, 1164 (6th Cir.1974); *Potts, Davis & Co. v. Commissioner*, 431 F.2d 1222, 1225 (9th Cir.1970); *Pohlen v. Commissioner*, 165 F.2d 258, 259 (5th Cir.1948). Therefore, the Tax Court was correct in holding that the petitioner had the burden of proving both that the art objects had determinable useful lives and what those useful lives were. *See Hawkins v. Commissioner*, 713 F.2d 347, 353 (8th Cir.1983).

The Tax Court found that AOG had failed to meet the burden of proving that the art objects have 10-year useful lives. Because these findings of fact are not clearly erroneous, we must affirm the judgment against AOG. *See Hawkins*, 713 F.2d at 353.

We recognize that the useful life of an asset can rarely be determined with mathematical precision and that a reasonable estimate will suffice for depreciation purposes. *Massey Motors, Inc. v. United States*, 364 U.S. 92, 96, 80 S.Ct. 1411, 1414, 4 L.Ed.2d 1592 (1960); *Hawkins*, 713 F.2d at 353. However, very little, if any, of AOG's evidence in this case tends to justify its estimate of a 10-year useful life for each of the many works of art involved. Although the Tax Court found some evidence that the interior decorating scheme (excluding the artwork) was expected to last 10 years and that several of the art objects had suffered minor damage, it was not convinced that these facts had any significant bearing on the objects' useful lives. AOG's president and sole shareholder was noncommital when asked whether the artwork would be replaced when the interior decorating scheme was replaced. None of the petitioner's expert witnesses was able to give a reasonable estimate of how long

the works of art might be used in the business or of what salvage value they might have. Moreover, AOG generally made little effort to distinguish between the individual items of art in determining useful lives or salvage values, although there appears to have been considerable variation in quality, value and condition. Rather, the petitioner chose to treat the art objects as a class, seeking full advantage of potential deductions and credits and accepting the risk that its claims might be disallowed altogether. Under these circumstances, we cannot fault the Tax Court's finding that AOG had failed to sustain its burden of proof.

Accordingly, the judgment of the Tax Court is AFFIRMED.