**HOCKADEN AND ASSOCIATES, INC.,**
Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 85–1625.

United States Court of Appeals,
Sixth Circuit.

Argued July 29, 1986.

Decided Aug. 21, 1986.

Rehearing Denied Sept. 22, 1986.

Larry H. Snyder (argued), Chamblin & Snyder, Columbus, Ohio, for petitioner-appellant.

* Honorable Thomas A. Ballantine, Jr., United States District Court, Western District of Kentucky, sitting by designation.

1. ERISA, with certain exceptions not relevant here, became effective January 1, 1975.

Michael L. Paul (Lead Counsel), Glenn L. Archer, Jr., Tax Division-Dept. of Justice, Roger M. Olsen, Jonathan S. Cohen, David L. Pincus (argued), Washington, D.C., for respondent-appellee.

Before MERRITT and GUY, Circuit Judges and BALLANTINE, District Judge.*

RALPH B. GUY, Circuit Judge.

Hockaden and Associates, Inc. (Hockaden or taxpayer) appeals from a United States Tax Court decision, 84 T.C. 13, which determined that it owed substantial excise tax deficiencies. The tax court decision was based upon a finding that unpaid loans made to the taxpayer from an employee profit-sharing plan during the years 1971–1975 resulted in tax liability pursuant to 26 U.S.C. §§ 4975(a) and 4975(b). These sections impose a tax on "prohibited transactions" as defined by § 406(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1106; and § 4975 of the Internal Revenue Code, 26 U.S.C. § 4975(c)(1)(B). It is undisputed that if the loans in question had been made after the effective date of ERISA they would be prohibited transactions.[1] The tax court, in finding tax liability, determined that liability under § 4975 arises not from obtaining loans from the trust prior to January 1, 1975, but from maintaining the loans after that date.

Thus, the only question presented on appeal is whether a "prohibited transaction" loan made prior to the effective date of ERISA subjects the taxpayer to § 4975 liability if the loan remains unpaid after January 1, 1975.[2]

I.

In 1964 the taxpayer established a profit-sharing plan for its employees which was known as the Hockaden and Associates,

2. Taxpayer made an ex post facto argument before the tax court but has abandoned that argument on appeal.

Inc. Profit Sharing Plan and Trust (Trust). This plan was approved by the Internal Revenue Service (IRS) as a tax-exempt plan under §§ 401 and 501 of the Code. During the period of time from March 9, 1971 to April 1, 1975, the Trust loaned $93,700 to the taxpayer in five separate loans.[3] Each loan was reflected in a separate note, had no repayment date, and specified interest at six percent per annum. No security was given for any of the loans. No interest was ever paid on the loans.

Both the Internal Revenue Code and ERISA, in almost identical language, prohibit the lending of money or extension of credit between a plan and a disqualified person.[4] The term "disqualified person" includes a "fiduciary" and an "employer any of whose employees are covered by the plan." 26 U.S.C. § 4975(e)(2)(A) and (C). Where there has been a prohibited transaction, 26 U.S.C. § 4975(a) and § 4975(b) impose an excise tax to be paid by the disqualified person.[5]

In deciding this issue below, the tax court discussed at length the obligation of a plan fiduciary post ERISA to correct any pre-existing violations of ERISA of which he has knowledge, citing cases such as *Morrissey v. Curran,* 567 F.2d 546 (2nd Cir.1977) and *Donovan v. Bryans,* 566 F.Supp. 1258 (E.D.Pa.1983). On appeal, the taxpayer now argues that these cases and their rationale as it relates to *fiduci-*

*ary* duties post ERISA do not apply here because the taxpayer is not a fiduciary of the plan. The taxpayer argues that although the plan or its beneficiaries may have a cause of action against the fiduciary as a result of these outstanding loans, no liability attaches to it as the debtor. This argument misperceives both the reach of ERISA and the holding of the tax court.

As of the effective date of ERISA there existed a prohibited transaction between the plan and a disqualified person, i.e., the taxpayer. The taxpayer was a disqualified person because it fit the definition of an "employer any of whose employees are covered by the plan." § 4975(e)(2)(C). When the loans and the interest thereon which were made prior to ERISA remained unpaid, it amounted to an extension of credit to a disqualified person which constitutes a prohibited transaction subject to the excise tax provisions of § 4975(a) and § 4975(b). That is precisely what the tax court ruled when it held: "The event giving rise to petitioner's liability under section 4975 is not petitioner's obtaining loans from the trust prior to January 1, 1975, but petitioner's maintaining the loans after that date." (App. 24) The continuing failure of the taxpayer to pay back the loans or even the overdue interest constituted a continuing extension of credit to itself.

Although we agree with the taxpayer that the *Morrissey* line of cases is distin-

---

**3.** It is undisputed that the April 1, 1975 loan in the amount of $28,700 *is* covered by the Internal Revenue Code and ERISA and is taxable.

**4.** 26 U.S.C. § 4975 reads in pertinent part: "(c) Prohibited Transaction—(1) General Rule—For purposes of this section, the term 'prohibited transaction' means a direct or indirect—.... (B) lending of money or other extension of credit between a plan and a disqualified person; ...." 29 U.S.C. § 1106 provides: "(a) Except as provided in Section 408: (1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect—.... (B) lending of money or other extension of credit between the plan and a party in interest.

**5.** **§ 4975. Tax on prohibited transactions**
  **(a) Initial taxes on disqualified persons.** —There is hereby imposed a tax on each pro-

hibited transaction. The rate of tax shall be equal to 5 percent of the amount involved with respect to the prohibited transaction for each year (or part thereof) in the taxable period. The tax imposed by this subsection shall be paid by any disqualified person who participates in the prohibited transaction (other than a fiduciary acting only as such).
  **(b) Additional taxes on disqualified person.**—In any case in which an initial tax is imposed by subsection (a) on a prohibited transaction and the transaction is not corrected within the taxable period, there is hereby imposed a tax equal to 100 percent of the amount involved. The tax imposed by his subsection shall be paid by any disqualified person who participated in the prohibited transaction action (other than a fiduciary acting only as such).

guishable in that they involve direct actions against fiduciaries rather than the imposition of excise taxes, this distinction is of no avail. Taxpayer is liable here because of its post ERISA status as a disqualified person engaged in an extension of credit which results in a prohibited transaction subject to the excise tax.

The decision of the tax court is AFFIRMED.