MICHAEL R. FRIEND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Friend v. Commissioner
Docket No. 16799-83
United States Tax Court
T.C. Memo 1990-144; 1990 Tax Ct. Memo LEXIS 168; 59 T.C.M. (CCH) 156; T.C.M. (RIA) 90144; March 19, 1990
Michael R. Friend, pro se. Jack A. Joynt and Phillip Owens, for the respondent. PATE
*299 MEMORANDUM FINDINGS OF FACT AND OPINION PATE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Code and Rule 180 et seq. [1]
*170 Respondent determined a deficiency in petitioner's 1980 Federal income tax of $ 522. The issues for our decision are whether petitioner is entitled to deduct automobile expenses of $ 301.25, medical expenses of $ 1,153.19, theft *300 and casualty losses of $ 1,005, and educational expenses of $ 512. Michael R. Friend (hereinafter "petitioner") filed a joint Federal income tax return for 1980 with his wife, Monika Koorn Friend. In 1981 petitioner was convicted of murdering his wife. He resided at the Kentucky State Reformatory in LaGrange, Kentucky, at the time he filed his petition in this case. Petitioner deducted the expenses at issue on his 1980 joint income tax return. Respondent maintains that he is not entitled to these deductions because he failed to substantiate them. Petitioner contends that he paid the expenses and is entitled to deduct them. He alleges a number of other errors in his petition (including allegations that respondent violated several of his Constitutional rights); however, since then he has failed to raise any legal arguments or present any evidence in support thereof. Since petitioner did not address these allegations at trial, we deem them abandoned. *171 Curtis v. Commissioner, 84 T.C. 1349, 1350 n.4 (1985); Hockaden & Associates, Inc. v. Commissioner, 84 T.C. 13, 16 n. 3 (1985), affd. 800 F.2d 70 (6th Cir. 1986). This case is essentially a substantiation case. Therefore, the following general principles apply to all of the issues. First, deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Thus, to prevail, petitioner must satisfy all statutory prerequisites in order to be entitled to the deductions he claimed. Second, under section 6001, petitioner is required to maintain records sufficient to establish the amount of any deductions he claimed on his income tax return. Sec. 1.6001-1(a), Income Tax Regs. Third, petitioner is not entitled to any deductions unless he can substantiate them. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Moreover, *172 petitioner bears the burden of proving that he is entitled to the deductions he claimed. Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a). In this regard, we are not bound to accept blindly a petitioner's self-serving testimony. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Consequently, petitioner's testimony, without more, may not be sufficient to carry his burden of proof. Carmack v. Commissioner, 183 F.2d 1 (5th Cir. 1950), affg. a Memorandum Opinion of this Court. Automotive Expenses
Several universities situated in and around Louisville, Kentucky, employed petitioner as a part-time lecturer during 1980. In this connection, petitioner traveled among the University of Louisville, a branch of Indiana University, and Jefferson Community College. He deducted $ 301.25 for automobile expenses. Section 162 provides a deduction for all ordinary and necessary expenses paid or incurred by an employee in connection with his employment during the taxable year. To be deductible, expenditures for travel must be directly *173 related to the duties of the taxpayer in his employment. Sec. 1.162-2(a), Income Tax Regs. On the other hand, the cost of commuting between one's residence and regular place of employment is considered a personal expense and, therefore, is not deductible. Sec. 1.262-1(b)(5), Income Tax Regs.; Marot v. Commissioner, 36 T.C. 238 (1961); see sec. 1.162-2(a), Income Tax Regs. However, when a taxpayer works at more than one location the expense of traveling between the various job locations is considered a business expense. Fausner v. Commissioner, 55 T.C. 620, 626-627 (1971), affd. 472 F.2d 561 (5th Cir. 1973). Deductions claimed for local travel are not subject to the strict substantiation requirements of section 274(d). Sec. 1.274-5(a)(1), Income Tax Regs.
Petitioner held several part time teaching positions during 1980. In the course of his duties, he traveled from one campus to the other. His mileage deduction is reasonable in amount. Here, the trips in question constitute local travel and as noted petitioner is not subject *174 to the strict substantiation requirements of section 274. We find that petitioner is entitled to deduct his claimed automobile expenses. Medical and Dental Expenses
Petitioner suffers from diabetes. Due to his illness, he was hospitalized for five and one-half days during 1980. He paid for consultation with a specialist in diabetes, as well as for regular visits to his attending physician. Petitioner also incurred expenses for prescription vitamins, home health supplies (consisting primarily of diabetes testing supplies) and syringes, pads, and insulin for his shots. In addition, petitioner and his wife each incurred costs associated with dental treatment. Both of them carried medical insurance; each policy cost them approximately $ 20 to $ 25 per month. They claimed a total of $ 1,451.96 in medical expenses which, after reducing that amount by 3% of their adjusted gross income and adding the $ 150 insurance premium amount, resulted in a medical expense deduction of $ 1,153.19. Section 213 provides a deduction for amounts paid during the taxable year for medical care of *175 the taxpayer, his spouse, and dependents to the extent such payments exceed 3 percent of adjusted gross income for the year. Sec. *301 213(a)(1); sec. 1.213-1(a)(2), Income Tax Regs. Amounts paid for medical insurance are deductible to the extent of the lesser of one-half of the amounts paid for insurance, or $ 150 without regard to the 3 percent limitation. Sec. 213(a)(2); sec. 1.213-1(a)(5)(i), Income Tax Regs. Further, amounts paid for medicine and drugs are deductible to the extent that they exceeded 1 percent of adjusted gross income. Sec. 213(b); sec.1.213-1(b)(2), Income Tax Regs.[2]
At trial, petitioner recalled the names of his and his wife's physicians and dentist, the hospitals he stayed in and the details of the locations and treatments. We are convinced the petitioner and his wife incurred medical expenses in 1980 and find that the amounts he deducted are consistent with his testimony. Although petitioner was unable to produce detailed records of his expenditures, the amounts are reasonable. *176 See Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). Consequently, we hold for petitioner on the medical expense issue. Theft and Casualty Loss
Petitioner's wife was robbed in a hotel while on a trip to New York City. Petitioner could not recall the details of the robbery or what was taken. He also testified that his wife had an automobile accident during 1980, but could not recall the nature or amount of the repairs. Further, he could not remember the amount of the insurance claim his wife submitted, or whether the insurance company reimbursed them. Section 165(a) provides a deduction for losses sustained during the taxable year and not compensated for by insurance or otherwise. Section 165(c)(3) places a limitation on the deduction under section 165(a) for certain losses, including those arising from casualties and theft. To obtain a theft loss deduction under section 165(c)(3), the taxpayer must prove the occurrence of the theft, the identity of the stolen items and the adjusted basis and fair market value of those items. Sec. 1.165-8(a), (c), *177 and (d) and 1.165-7(b), Income Tax Regs. With regard to casualty losses claimed under section 165(c)(3), the amount deductible is the difference between the fair market value of the property immediately before the casualty and its fair market value immediately after the casualty, but not exceeding its adjusted basis. Sec. 1.165-7(b)(1), Income Tax Regs.; Helvering v. Owens, 305 U.S. 468 (1939). Petitioner's testimony was vague and incomplete regarding both incidents. He admitted that he could not recall the details of either incident or the amount of the automobile repair involved. He submitted no information with regard to the value of any of the items taken nor the value or basis of the automobile. He could not recall whether the insurance company paid their claim. Consequently, we find that petitioner failed to carry his burden of proof on this issue and, accordingly, hold for respondent. Education Expenses
During 1980, petitioner taught Speech and English composition and his wife taught various English classes. They both took courses in English at the University of Louisville for which they paid $ 512 in tuition. *178 Expenditures for education are deductible if the education maintains or improves skills required in the taxpayer's employment or other trade or business. Sec. 1.162-5(a), Income Tax Regs. We are convinced from his testimony that the $ 512 deduction claimed on the return related to courses that he and his wife took in order to maintain and improve their respective job skills. The courses they took were in the same field as their teaching assignments. Accordingly, we hold for petitioner on the issue of educational expenses. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect for the year in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Since 1980, the limitations placed on deductions allowed under section 213↩ have changed.