937 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael R. FRIEND, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-2138.
 United States Court of Appeals, Sixth Circuit.
 July 23, 1991.
 
 1
 Before KEITH, Circuit Judge, WELLFORD, Senior Circuit Judge, and GADOLA, District Judge.*
 
 ORDER
 
 2
 Taxpayer, Michael R. Friend, appeals an order of the United States Tax Court which assessed a deficiency in income tax due from Friend for the taxable year 1980 in the amount of $162. Additionally, Friend has filed a motion to waive the filing of an appendix and also requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Friend filed a joint federal income tax return for 1980 with his wife. In 1981, Friend was convicted of murdering his wife. He resided at the Kentucky State Reformatory (KSR) in La Grange, Kentucky, at the time he filed his petition in the tax court and presently resides at KSR.
 
 
 4
 The issues before the tax court were whether Friend was entitled to deduct automobile expenses of $301.25, medical expenses of $1,153.19, theft and casualty losses of $1,005, and educational expenses of $512. Friend deducted these expenses on his 1980 joint income tax return. Respondent determined a deficiency in Friend's 1980 federal income tax of $522. A bench trial was conducted on April 28, 1989. On March 19, 1990, the tax court filed a memorandum findings of fact and opinion. The tax court found that Friend had sufficiently substantiated the medical, travel, and educational expenses and, accordingly, held that Friend was entitled to the deductions claimed for those items. The court determined, however, that Friend had failed to substantiate the theft and casualty loss deductions, finding his testimony regarding these items to be "vague and incomplete." The court thus sustained the Commissioner's disallowance of those deductions. Thereafter, Friend filed a motion for reconsideration and to re-open trial for further evidence. The tax court filed a supplemental opinion and, on July 19, 1990, entered an order denying Friend's motion and further assessed a tax deficiency of $162.
 
 
 5
 Friend has filed a timely appeal, alleging that the tax court erred in disallowing the deductions for theft and casualty losses. Friend further argues: 1) that the IRS violated his rights to equal protection by attempting to collect the tax deficiency for 1980 entirely from him and not at least in part from his wife's estate; 2) that his rights to due process were violated because the tax court denied him the service of a court-appointed attorney; 3) that the tax court violated his rights to due process by "denying [him] access to the evidence needed to prove his claimed deductions"; 4) that the tax court abused its discretion in refusing to extend indefinitely the general continuance that had been granted him in 1984; and 5) that the tax court abused its discretion in denying his motion to reconsider its decision and to re-open trial for further evidence.
 
 
 6
 Upon review, we affirm the tax court's decision because a review of the record shows that the decision is not clearly erroneous. See Associated Obst. & Gynecologist, P.C. v. Commissioner, 762 F.2d 38, 39 (6th Cir.1985) (per curiam). Friend's vague and incomplete testimony at the April 28, 1989, trial failed to substantiate the claimed deductions. See Carmack v. Commissioner, 183 F.2d 1, 2 (5th Cir.), cert. denied, 340 U.S. 875 (1950) (uncorroborated testimony, without more, was insufficient to carry taxpayer's burden of proof). Friend's remaining arguments on appeal are without merit.
 
 
 7
 Accordingly, the motion to waive the filing of the appendix is granted, the request for counsel is denied, and the tax court's decision of deficiency is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.**
 
 
 
 *
 The Honorable Paul V. Gadola, U.S. District Judge for the Eastern District of Michigan, sitting by designation
 
 
 **
 Judge Wellford would assess double costs in this case against appellant for filing and pursuing a frivolous appeal